CYRUS OLNEY AND } *Associate Justices.*
OBADIAH B. McFADDEN, }

J. G. WILSON, *Clerk.*

---

ROBERT THOMPSON, Plaintiff in Error, *v.* JACOB BACKENSTOS, Defendant in Error.

### *Error to Multuomah.*

1. A motion is no part of the record.
2. A bill of exceptions, signed and sealed by the judge, is the proper mode of placing upon the record instructions, given and refused by the court to the jury.

ACTION—trespass *quare clausum fregit.* Plea—not guilty. Trial and verdict for defendant.

After verdict and before judgment, the plaintiff moved for a new trial, and in arrest of judgment. The motion sets forth certain instructions, in the giving of some, and in the refusing of others of which, plaintiff says there is error. Defendant insists that this allegation of error cannot be considered, because the proceedings, of which complaint is made, are not in any legal or sufficient manner before this court. No bill of exceptions was taken in this case; nor is there

VOL. I.                    2

any order of the court below making plaintiff's motion a part of the record; but such motion is subscribed as follows: "Allowed, Thomas Nelson, District Judge."

*Wait & Logan,* for plaintiff.

*Campbell & Boise,* for defendant.

WILLIAMS, C. J. The occasion or object of this endorsement cannot be determined by the record, but it was more reasonable to suppose it was intended to assist plaintiff in preparing a bill of exceptions, or for some other temporary purpose, than to suppose it was designed to make a record by which to settle the rights of the parties in the Supreme Court. None of the evidence or proceedings of the court below are contained in the motion, except three or four naked instructions; and this makes it difficult to conclude that any parties concerned, seeking or expecting a re-adjudication in a court of final resort, would have been content with such an imperfect statement of the case. The signing of a party's motion for a new trial by the judge, before whom the motion is made, with the view of subjecting questions to the judgment of a Supreme Court, is a proceeding unknown to practice and without precedent. Such an act, being a total departure from the known usages of courts, ought not to be taken as plaintiff contends, when it admits of another and far more reasonable construction. This court is governed by the record, which it takes to be verity, and the motions of counsel in the court below are no more a part of the record than their arguments, unless made so by the court; otherwise records might be made with reference to the interests of the parties, rather than the real facts of the case. The written statement of counsel, in the shape of a motion, endorsed by the judge of the District Court as "correct," does not become, by virtue of such endorsement, a part of the record. Section 19 of the Practice Act provides, that when exceptions are alleged in any civil cause, it shall be the duty of the

judge "to allow such exceptions, and sign and seal the same, and the said bill of exceptions shall thereupon become a part of the record in such cause." Under this statute the mere allowance of a bill of exceptions, as this motion was allowed, would not make such bill of exceptions a part of the record; it must be signed and sealed, and thereupon it becomes a part of the record. Plaintiff seeks to have his motion perform the office of a bill of exceptions, when it is neither sealed, nor made a part of the record, by any order of court or rule of law; and does not even show that any objection was made in the court below to the decision by which it was overruled. When a party brings the record of a District Court here for revision, and alleges that there is error in such record, he must show, not a possible or probable case of mistake, but positive error, injurious to his interests. This court will not go out of the record, into the regions of conjecture, to find such error; it must distinctly and affirmatively appear. The law provides a plain, simple and convenient remedy in a bill of exceptions, if a party feel aggrieved by the decision of a District Court; and we cannot permit the practice pursued in this case to take the place of that prescribed by law; for, independent of any legal objection, it would not only be perplexing to the court of review, but dangerous to the rights of parties. Without considering any other questions in the case, the judgment of the court below is affirmed.