(20 Misc. Rep. 665.)

## PASHINSKA v. SELT.

(City Court of New York, General Term.   July 2, 1897.)

CONVERSION—EVIDENCE.

In an action for conversion of a trunk held on storage by defendant for plaintiff, it appeared that defendant, upon an alleged order from plaintiff's agent, which he claimed to have lost, had delivered the trunk to a third party, whom he did not produce as a witness, and whose identity, though known to him, he had refused to disclose to the plaintiff before the trial. *Held* sufficient to justify a verdict for plaintiff.

Appeal from trial term.

Action by Melania Pashinska against William Selt.   Verdict for plaintiff.   From an order denying a motion for a new trial, defendant appeals.   Affirmed.

Argued before VAN WYCK, C. J., and McCARTHY and SCHUCH-MAN, JJ.

John B. Marshall, for appellant.
Nicholas Aleinikoff, for respondent.

VAN WYCK, C. J.   The appeal is not from the judgment, but from the order denying motion for new trial, made on return of verdict for plaintiff.   The action is for conversion by defendant of plaintiff's trunk and its contents, stored by her, for hire, with defendant.   The defendant's receipt (Exhibit A) for the trunk, and the corroborating testimony, is overwhelming proof that he held the same on storage.   The defendant contended by his proof that plaintiff's brother, who concededly had authority to act for her, instructed him to deliver the trunk to an expressman, who would call for it, and present his (the brother's) written order for such delivery; that a coal peddler called with his wagon, presented such written order, and received and took away the trunk, first giving to defendant such order, and his receipt for the trunk.   The defendant produced what purported to be the coal peddler's receipt for the trunk, and it was marked in evidence, but testified that the brother's written order which he received from the coal peddler upon delivery of the trunk had been destroyed by fire, and had been kept by him in a different place than the one where he had kept the coal peddler's receipt.   The plaintiff's brother testified that he had never signed such a written order, or given any one oral or written instruction to receive the trunk from defendant, or instructed the defendant to deliver the trunk to any one.   The defendant testified, and the purported receipt showed, that he had all the time known the number of the coal peddler's wagon, and refused to disclose it to plaintiff's attorney when asked to show the receipt, before the action was commenced, and did not produce the coal peddler at trial, or show that he had made any effort to ascertain his whereabouts by means of the number of his wagon or otherwise.   The proofs, as shown by the record, required that this case should be submitted to the jury for their determination, and it would have been reversible error to have directed a verdict for defendant, if requested, but which was not requested.   The defendant does not

appeal from the judgment, and concedes that no error was committed in the charge, or in admitting or excluding evidence. The verdict for plaintiff is not excessive, or contrary to evidence or the law, nor is it against the weight of evidence, and is a finding that defendant converted the trunk and its contents. If one man, who is intrusted with the goods of another, put them into the hands of a third person, contrary to orders, it is a conversion.

The order appealed from is affirmed, with costs. All concur.