HOMER STRONG, Plaintiff, *v.* SECURITY STORAGE AND
WAREHOUSE Co., Defendant.

(Supreme Court, Monroe Special Term, July, 1919.)

Warehouseman — direct liability to owner of goods — carriers —
contracts.

> Where a warehouse company instead of redelivering goods
> stored with it by a common carrier delivers by mistake other
> goods to the carrier, it is liable directly to the owner thereof
> in the absence of a special contract to the contrary.
>
> Such liability attaches upon demand by the owner of the
> goods mistakenly delivered without regard to the question of
> defendant's care with reference to the delivery to the carrier.

MOTION for a new trial on the minutes.

James P. O'Brien (John T. Norton, of counsel), for
motion.

Havens, Mann, Strang & Whipple (W. F. Strang, of
counsel), opposed.

RODENBECK, J.   The question as to whether or not a
mistake was made by the defendant in delivering the
goods stored with it was one of fact which was sub-
mitted to the jury and the jury has found against the
contention of the defendant.   There is evidence to sus-
tain this finding and there is no reason for disturbing
it.   The plaintiff's testimony showed that his prede-
cessor shipped from Rochester a No. 2 Kempsmith
plain miller with a tag consigning the miller to itself
with directions to notify the Simmons Machine Com-
pany.   The receipt by the defendant for the machine
delivered by the railroad company shows that the
defendant received a plain miller with this tag on it,
from which the jury might very reasonably conclude

that the defendant received the same machine that was shipped by plaintiff's predecessor at Rochester. There was another miller stored in the defendant's warehouse, one of its employees placing it on the right of a certain door and another placing it on the left of the same door. Both of these machines were shipped out of defendant's warehouse on the same day and new tags were substituted for the old ones. The defendant's employees claimed that they made no mistake in attaching the new tags but the plaintiff introduced evidence to show that the machine that was shipped by the defendant and received by the plaintiff's predecessor was not the same machine that plaintiff's predecessor had originally shipped to Albany. The jury evidently believed this testimony as against that offered on behalf of the defendant and it was a reasonable conclusion. If the defendant had shipped both of these machines to their respective owners it would have been an easy matter for the defendant to have shown that there was no mistake made, by introducing evidence that the owner of the other machine received the machine that belonged to him. The jury had the right to draw inferences from the omission of the defendant to introduce this evidence. It stands established as a fact from the finding of the jury that the defendant did not deliver the same machine that it received and there is no use building up an argument as the defendant has done on this motion on the assumption that the same machine which it received was redelivered by it.

Assuming this fact then, the question arises as to whom the defendant is liable, the railroad company or the plaintiff. It is liable to some one if it made a mistake in delivering the wrong machine. Why should its liability be to the railroad company? The railroad company was protecting itself under its contract and

stored the goods not for itself but for the owner. *Gregg* v. *Illinois Central R. R. Co.,* 35 N. E. Rep. (Ill.) 343. It was required by law aside from its contract to make some disposition of the goods for the owner. *Bank of Oswego* v. *Doyle,* 91 N. Y. 32, 40. It had ceased to be a common carrier and did not assume the obligation of a bailee. This conclusion is one of law which the defendant must have known. The defendant knew that some one beside the railroad company was the owner of the goods and that it was acting as bailee for that owner. The defendant cannot resist the lawful claim of such owner. 3 Am. & Eng. Ency. of Law, 762, ¶ b.

The railroad company could not appropriate the goods without subjecting itself to liability. It performed its duty as a common carrier and under its contract its further obligation was at an end. It was thereafter requested by the owner to reship the goods and this the railroad company undertook to do. In reshipping the goods the railroad company was acting as an agent for the plaintiff's predecessor and in transporting the goods it was acting as a common carrier. The railroad company did just what it was called upon to do, that is, safely transport the goods to Albany, store them and reship the goods redelivered to it but the jury has found that the wrong goods were returned to the railroad company for reshipment. That was not the fault of the railroad company and the liability attaches to the defendant therefor. A warehouseman is liable directly to the owner under these circumstances and not to the railroad company.

The liability for the wrong delivery is an absolute one and is not dependent upon the exercise of care. 2 Am. & Eng. Ency. of Law, 754, 755, 756. If the defendant had delivered a stove instead of a miller, it is ludicrous to say that it could defend on the ground that it had exercised due care and that the plaintiff

must suffer the loss. Such a rule would be putting a premium on carelessness and open the way to undreamed of avenues of fraud. The rule is that failure to deliver on demand constitutes a conversion. *Ball* v. *Liney,* 48 N. Y. 6; *Markoe* v. *Tiffany & Co.,* 26 App. Div. 95; *Pashinska* v. *Selt,* 20 Misc. Rep. 665; *Western Trans. Co.* v. *Barber,* 56 N. Y. 544, 552; 30 Am. & Eng. Ency. of Law, 55. A liability attaches where there is negligence, unintentional delivery or mistake. *Fairfax* v. *New York C. & H. R. R. R. Co.,* 67 N. Y. 11; 30 Am. & Eng. Ency. of Law, 57. " Warehousemen are not only liable for losses occasioned by their negligence, but for those which arise from an innocent mistake in the delivery of goods to persons not entitled to receive them." *Bank of Oswego* v. *Doyle, supra,* 42; Gen. Business Law, § 94. "A warehouseman is liable for conversion of property stored if, without authority, he delivers it either negligently, intentionally or by mistake to one not entitled to it, and he is liable, although the mistake was not due to want of ordinary care and prudence on his part." 40 Cyc. 445. The burden of proof that no mistake was made was on the defendant. Gen. Business Law, § 95. The defendant was bound to deliver the machine received, at its peril, and not some other machine, and the jury has found that it delivered another machine and the liability to the plaintiff under the circumstances therefore attaches. Motion denied, with ten dollars costs to abide the event.

Motion denied, with ten dollars costs to abide event.