Argued January 15, affirmed March 23, rehearing granted April 13, 1915.
Former opinion sustained on rehearing June 1, 1915.

## BOHART *v.* PARKER.

(147 Pac. 188; 149 Pac. 85.)

**Fraudulent Conveyances—Admissibility of Evidence.**

1. A judgment creditor of a lessor of a farm levied on personal property on the farm loaned by the lessor to the lessee, and B. brought replevin against the sheriff claiming title to the property levied on under a transfer from the lessor. Defendant in replevin claimed that the transfer was made with the intent to defraud the judgment creditor. The lessee claimed no title to the property. *Held,* that the lease of the farm offered in evidence by plaintiff was immaterial and properly excluded.

**Fraudulent Conveyances—Admissibility of Evidence.**

2. In such case, a release by the lessee to the lessor of a part of the personal property so loaned was admissible as tending to show an effort to forestall the judgment creditor in the collection of his judgment.

Fraudulent Conveyances—Evidence—Notes.

3. In such action, where there was no dispute that certain notes were received by the lessor as part of the consideration for the property, such notes were properly excluded as immaterial.

Fraudulent Conveyances—Evidence—List of Property.

4. In such action, the exclusion of a list of all the property plaintiff purchased from the lessor, as being included in the complaint, as having been already testified to, and as immaterial, was proper.

Trial—Remark of Court—Harmless Error.

5. Where counsel was proceeding to argue a ruling on evidence as to the reputation of a witness, the court's remark that he would leave it to the jury was not prejudicial.

Appeal and Error—Review—Erroneous Reasoning.

6. An appellate court will affirm a correct decision of the trial court, though based on erroneous reasoning.

Replevin—Possession of Plaintiff.

7. Where plaintiff in replevin alleges in his reply that when he bought the goods they were in possession of a third person, and introduces a lease showing that such person had a right to possession until some time after suit brought, there can be no recovery, as plaintiff must be entitled to immediate possession.

Appeal and Error—Error Affecting Party not Entitled to Succeed.

8. Where plaintiff in replevin cannot recover because showing no right of immediate possession, he cannot complain of the action of the trial court in ordering a return of the property to one who had no right thereto.

From Lane: ROBERT G. MORROW, Judge.

Department 2.    Statement by MR. JUSTICE EAKIN.

This is an action of replevin by W. A. Bohart against James C. Parker.

On April 8, 1913, one Francis recovered a judgment against Thienes in the sum of $383.75. Execution was issued by virtue of said judgment, and on the 10th day of June, 1913, was levied by the defendant, who was sheriff of Lane County, upon certain personal property then claimed by plaintiff Bohart, by serving notice on A. M. Brewer, a lessee of said Thienes, and attaching certain personal property. Brewer answered that he had in his possession certain property in which Thienes claimed some right or interest, being the property

sued for.   Thereafter the defendant duly advertised the same for sale to the extent of the interest had therein by said W. C. Thienes.   It is further alleged that the transfer of said property was without consideration or change of possession and was made with intent to hinder, delay and defraud the creditors of Thienes, especially the said Francis in the collection of his judgment.   It is admitted that Thienes had an interest in said property prior to June 3, 1913.   The action was tried before a jury, which returned a verdict for defendant.   From the judgment entered thereon plaintiff appeals.

AFFIRMED.   OPINION SUSTAINED ON REHEARING.

For appellant there was a brief and an oral argument by *Mr. H. E. Slattery.*

For respondent there was a brief and an oral argument by *Mr. Fred E. Smith.*

MR. JUSTICE EAKIN delivered the opinion of the court.

At the time of the levy the goods were in possession of A. M. Brewer.   Plaintiff claims that he bought the property of Thienes on the 3d day of June, 1913.

1. The first assignment of error relates to the refusal of the court to admit in evidence exhibit "B," being the lease of the farm by Thienes to Brewer, which we deem immaterial.   The only purpose of the offer was to show by what arrangement Thienes left the property in question with Brewer.   Plaintiff claims to have acquired the property from Thienes, and Thienes' title is not questioned.

2. The second assignment is directed against the reception in evidence of exhibit 1, but it was not prejudicial to the case.   Brewer's title to the property is

not in question, and the exhibit relates to the release by him of part of the stock to Thienes, and evinces that Thienes and Brewer were expecting trouble or litigation with Francis. It was competent tending to show an effort to forestall Francis as to the title to the stock, which had been retained by him until full payment should be made.

3. As to the exclusion of exhibits "C" and "D," the court held that the fact evidenced by the notes was admitted, that there was no dispute about it, and that they were received by Thienes as part of the consideration for the property. The objection was properly sustained on the ground that the exhibits were immaterial. The court excluded exhibit "F" as immaterial, saying:

"The witness has stated previously what the business relations between him and Mr. Bohart were. I will let the matter rest there. If the defense justifies it you will be afforded the opportunity on rebuttal to go into the matter."

It does not appear that plaintiff was prejudiced by their exclusion.

4. The refusal of the court to receive in evidence exhibit "G," which was a list of all the personal property Bohart purchased from Thienes, is assigned as error. The court ruled that it was included in the complaint, had already been testified to, and was immaterial. Said assignment is not well taken.

5. As to assignment No. 8, the reputation of a witness was being discussed, and the court said he would leave that matter to the jury. Counsel was proceeding to argue with the court as to such ruling when the remark was made in answer to argument of counsel, and was not prejudicial.

The motion of defendant for a directed verdict was properly refused. The questions presented by the evidence were for the jury to decide. We find no error in the record, and the judgment is affirmed.

                                        AFFIRMED.

MR. CHIEF JUSTICE MOORE, MR. JUSTICE McBRIDE and MR. JUSTICE BEAN concur.

---

Former opinion sustained on rehearing June 1, 1915.

## ON REHEARING.

(149 Pac. 85.)

In Banc.    Statement by MR. JUSTICE BURNETT.

This is an action in regular form for the recovery of the possession of personal property. Except as otherwise admitted, the answer denies the whole complaint, and alleges, in substance, that the defendant, as sheriff, received an execution regularly issued on a valid judgment of the Circuit Court against W. C. Thienes, who at the time was the owner of a leviable interest in the property in question which was then in the actual possession of one Brewer. Armed with this writ, the defendant says he levied upon the chattels in Brewer's custody by serving upon him the statutory notice, in response to which the latter answered that he had possession of the goods; that the execution debtor claimed some interest in them, but that the garnishee, Brewer, claimed a lien upon them for the payment of an amount of money named. The answer then avers that the defendant advertised for sale the interest of Thienes in the property, at which juncture this action was com-

menced, and that the events narrated in the answer constitute the grievance of the plaintiff mentioned in the complaint. A further answer charges that Thienes had transferred the chattels to plaintiff with intent to hinder, delay and defraud the creditors of the seller, of which fraudulent purpose the plaintiff had full knowledge and in which he participated. After certain admissions and denials, the reply alleges that the plaintiff bought the property from Thienes and that at the time it was in possession of Brewer; but does not state anything challenging the rightfulness of Brewer's custody, nor give any reason why it should be disregarded. At the close of the plaintiff's case, on motion of the defendant, the court directed a verdict for him awarding him a return of the property. The bill of exceptions shows the court gave as its reason in effect that there was no testimony to show that the defendant had possession of the property at the commencement of the action. From the consequent judgment, the plaintiff appeals.

FORMER OPINION SUSTAINED.

For appellant there was an oral argument on rehearing by *Mr. H. E. Slattery.*

For respondent there was an oral argument on rehearing by *Mr. J. F. Brumbaugh.*

MR. JUSTICE BURNETT delivered the opinion of the court.

6. In *Pennoyer* v. *Neff*, 95 U. S. 714 (24 L. Ed. 565), Mr. Justice FIELD said:

"If, therefore, we were confined to the rulings of the court below upon the defects in the affidavits mentioned, we should be unable to uphold its decision."

Then stating the contentions before that tribunal, he continued:

"If these positions are sound, the ruling of the * * court as to the invalidity of that judgment must be sustained, notwithstanding our dissent from the reasons upon which it was made."

On the rehearing of this case, we find ourselves in a similar situation in respect to the decision under review. While we are unable to approve the reason given for the ruling of the trial judge, yet, as we shall endeavor to show, his conclusion was correct and must be affirmed.

7. It is axiomatic that the plaintiff in replevin must be entitled to the immediate possession of the goods involved at the commencement of the action. This, indeed, appears by the averments of the complaint and is traversed by the answer. The latter pleading, however, discloses that the possession was in Brewer. The reply, essaying to give plaintiff's chain of title to the chattels, says the plaintiff purchased them from, Thienes, but that when he bought they were in the possession of Brewer. We must presume that Brewer's holding was rightful. The pleadings disclose nothing to the contrary, and the plaintiff, having portrayed that condition, must show that custody was wrongful if he would work out the result that the claim of the defendant, deraigned from Brewer as to mere possession, is likewise wrongful.

Nor is the case of plaintiff aided if we look into the lease from Thienes to Brewer, which plaintiff says was erroneously excluded from the consideration of the jury. Passing the objection to the actual paper offered that it is a statement of the substance of an original lease, not admissible because the showing of diligent search for the prototype is not sufficient, we

learn from the document that on October 12, 1912, Thienes leased his ranch and stock to Brewer for three years; the tenant to give possession after one year in case of sale of the premises. It seems that the property here in question is part of the stock included in that lease. At any rate, that appears to be the contention of the plaintiff. This action was commenced June 17, 1913. According to the paper offered, Brewer's right to the possession would not have terminated under any circumstances until October 12, 1913, or about four months after the beginning of the action. These conditions disclosed by the record were pressed upon our attention on rehearing and are potent in behalf of the defendant. The plaintiff's reply and the evidence he offers undermine his complaint and work out its downfall.

8. The plaintiff criticises the directed verdict, in that it awards to the defendant a return of the property, although the court gave as a reason that there was no evidence to show he ever had possessed it. The argument is that, if the defendant never had the chattels, it was wrong to return them to him. The form of verdict does not concern the plaintiff under the situation where he himself shows lawful possession in a third party. Unless he reveals present right in himself to the custody of the goods in suit, his action must fail, and that is the end of the whole matter for him. He must recover on the strength of his own right to possession. The conclusion is that, while the reason given for the directed verdict may have been faulty, yet the result was right, as apparent from the record, and must be affirmed.

FORMER OPINION SUSTAINED ON REHEARING.

MR. JUSTICE HARRIS took no part in the consideration of this case.