Argued September 17, affirmed October 5, 1920.

# PAPENFUS *v.* LANE COUNTY CREDIT ASSO-CIATION.

### (192 Pac. 797.)

**Appeal and Error—Insufficiency of Evidence not Reviewable, in Absence of Bill of Exceptions Certified to.**

1. In the absence of bill of exceptions, certified by ·the trial court, the supreme court cannot review the .action of the trial court, based on the insufficiency of the evidence.

**Appeal and Error—Transcript, When Certified by Court, will Bring Up Rulings Below.**

2. Under Laws of 1913, page 650, transcript of testimony will be carried bodily into the bill of exceptions, if properly certified to as such by the trial court, and will then be sufficient to bring up the rulings below as set forth therein, but is not a bill of exceptions, and is without efficacy to bring up the trial proceedings until certified to by the court, though certified by the reporter.

From Lane: GEORGE F. SKIPWORTH, Judge.

Department 2.

This is an action to recover damages for the alleged publication of plaintiff's name in a delinquent or black list, purporting to be a list of debtors who owe unpaid claims.

The answers of the respective defendants put in issue every material allegation of the complaint, except the incorporation of the Lane County Credit Association, and the fact that a claim against plaintiff was placed in its hands. Upon the trial there appears to have been a directed verdict against the plaintiff, and a judgment in favor of defendants upon this verdict, from which plaintiff appeals.

Judgment was entered upon the twenty-seventh day of February, 1919, and it appears from the record that no bill of exceptions was presented to the court until the twenty-fifth day of June of the same

year.   The court, before which the case was tried, refused to sign or settle the bill, because it had not been served or filed within the time fixed by the rules óf the court.   The appellant filed the report of the trial, certified to by the court stenographer, and seeks to have the case reviewed upon that record alone, without any certification or approval by the judge.

The only questions presented on this appeal refer to the rulings of the court, holding that the evidence was insufficient to sustain a verdict for the plaintiff, and the consequent direction of a verdict for defendants.                                    AFFIRMED.

For appellant there was a brief over the names of *Mr. C. M. Kissinger* and *Mr. L. R. Edmunson,* with an oral argument by *Mr. Kissinger.*

For respondents there was a brief over the names of *Mr. L. M. Travis, Mr. C. A. Hardy* and *Messrs. Potter & Immel,* with oral arguments by *Mr. Travis* and *Mr. E. O. Immel.*

BENNETT, J.—1. In the absence of a bill of exceptions, certified by the judge, we cannot review the action of the court based upon the insufficiency of the evidence.

2. Under the amendment of 1913 (Laws of 1913, Chap. 332) the transcript óf the testimony may be carried bodily into the bill of exceptions, if properly certified to as such by the judge, and will then be sufficient to bring up the rulings of the court below as set forth therein: *Malloy* v. *Marshall-Wells Hdw. Co.,* 90 Or. 303 (173 Pac. 267, 175 Pac. 659, 176 Pac. 589).   But it is not a bill of exceptions, and has no efficacy to bring up the trial proceedings until it is cer-

tified by the judge. The certificate of the reporter is not sufficient to bring up such rulings on the evidence: *Thomsen* v. *Giebisch,* 95 Or. 118 (186 Pac. 10). In the above case it' was said by Mr. Justice BURNETT:

"The transcription of the reporter's notes, certified by him, constitutes material from which a bill of exceptions may be compiled; but it was never the intention of any of the legislation or of the decisions up to this time that the reporter should supersede the judge in authority in the construction of the bill."

Based upon the above decision, which we follow and approve, we must hold that there is nothing here upon which we can review the action of the court below.

The judgment must be affirmed.     AFFIRMED.

McBRIDE, C. J., and BEAN and JOHNS, JJ., concur.