EDMUND G. JOSEPH and ARTHUR MILLER, as Executors of the Estate of LEO ROSENBERG, Deceased, Plaintiffs, v. P. VIANE, INC., and PERKINS-GOODWIN COMPANY, Defendants.

Supreme Court, New York Special Term, March, 1922.

**Warehousemen — purchaser of receipt for value can recover thereon — General Business Law, §§ 91, 94.**

A paper given upon the storage of goods containing no reference to the matter specified in the Uniform Warehouse Receipts Act (General Business Law, § 91, subds. c, d, e, h and i), and having nothing on its face to indicate whether it was intended to be negotiable or non-negotiable, is a receipt and not a letter, memorandum or acknowledgment of an informal character under section 94 of said statute, and one who purchases the receipt for value supposing it to be negotiable is entitled to recover thereon.

ACTION on warehouse receipt.

*Harold R. Zeamans*, for plaintiff.

*Menken Brothers* (*M. Menken*, of counsel), for defendant Viane.

*James A. Brady*, for defendant Perkins-Goodwin Company.

MULLAN, J. The decision here depends upon the answer to the question, was the paper (which was the only paper) delivered by the defendant warehouseman, upon the storage of goods, a negotiable warehouseman's receipt under the Uniform Warehouse Receipts Act (Gen. Business Law, §§ 90–143)? The paper failed to comply with the requirements of section 91 in the following respects: It was not numbered. It contained no reference to the matters specified in subdivisions c, d, e, h and i of section 91. There was nothing upon the face of the paper to indicate whether it was intended to be negotiable or non-negotiable. §§ 92, 94. Not even the word "receipt" or a derivative or synonym of that word was used. In full, the paper read: "Original. Lot No. 9.

New York, November 19, 1918.  P. Viane, Inc., Warehouse, 511 West 40th Street, New York City.  For Account of Alpha Litho. Co., 261 9th Avenue.  Marks: Fox Film Co.  557 Bdles 835 1/2 R. 41 x 54–116.  Car Number: 561133.  Paul Viane, Inc.  E. A Thompson.  P. Viane, Inc., Warehouse." I have not been referred to, nor have I found, any decision in this state upon the subject, but I am of the opinion that the decisions of courts of other states that have adopted the Uniform Warehouse Act (*New Jersey Title Guarantee & Trust Co.* v. *Rector,* 76 N. J. Eq. 587; *Hoffman* v. *Schoyer,* 143 Ill. 598; *Manufacturers' Mercantile Co.* v. *Monarch Refrigerating Co.,* 266 Ill. 584; *Cowley County Nat. Bank* v. *Rawlins-Dobbs Elevator Co.,* 96 Kan. 461; *Arbuthnot, Latham & Co.* v. *Richheimer & Co.,* 139 La. 797) compel a holding that the paper was a receipt, and not a letter, memorandum or acknowledgment of an informal character (§ 94), as the defendant warehouseman claims it to be.  The value of uniform laws depends upon uniformity of construction.  *Commercial Nat. Bank of New Orleans* v. *Canal-Louisiana Bank & Trust Co.,* 239 U. S. 520.  The reasons for regarding the paper in question as a receipt are well expressed in the opinion in the New Jersey case cited.  *New Jersey Title Guarantee & Trust Co.* v. *Rector, supra.*  Being a receipt, was it negotiable?  It was in legal effect, if the " holder of the receipt * * * purchased it for value supposing it to be negotiable." § 94.  I find that the plaintiff's testator took the receipt supposing it to be negotiable.  Concededly, he took for value.  It follows that plaintiffs are to have judgment.  The stipulation, I believe, settles the question as to which claimant shall take the fund representing the goods, and which shall take a judgment against the warehouseman.  Settle findings and judgment.

Judgment accordingly.