## LEBB *v.* PEABODY.

(205 Pac. 819.)

**Appeal and Error—In Absence of Evidence at Trial by Judge, only Sufficiency of Pleadings and Findings to Support Conclusions and Judgment can be Reviewed.**

1. Where an action was tried without a jury, and findings of fact and conclusions of law were stated by the trial court, but none of the evidence is in the record on appeal, the only questions reviewable are whether the legal conclusions were deducible from the findings of fact, and whether the pleadings and findings of fact are sufficient to support the judgment.

**Replevin—Answer and Findings Held to Support Judgment for Defendant for Extras Put on Replevied Automobile.**

2. In replevin of an automobile, an answer alleging that defendant purchased it in good faith, and had since placed thereon certain extra parts, and tendering judgment that plaintiff recover possession of the automobile except such extra parts for detention of which defendant asked damages, and findings by the court conforming with the answer authorized judgment for defendant for recovery of the spare parts or their value.

**Replevin—Statute Authorizes Judgment for Defendant for Property Taken by Sheriff and Damages for its Detention.**

3. A judgment for the return of a battery placed in the replevied automobile by defendant, and for damages for the detention of the battery after the automobile was taken from defendant's possession by the sheriff, is authorized by Sections 153, 198, Or. L.

**Replevin—Court Could not Subject Battery in Replevied Automobile to Execution in Action by Stranger Against Defendant.**

4.   Where defendant alleged that he had placed in the automobile replevied by plaintiff a storage battery which he had rented from a battery company, the court had no authority to include, in an order finding that defendant was entitled to return of the storage battery, a provision that, if the plaintiff failed to make settlement with the owner of the battery, it should be subjected to execution in an action brought by the owner against the defendant.

**Judgment—Pleadings and Findings Held to Support Judgment for Detention of Battery in Replevied Automobile.**

5.   In replevin for an automobile, an answer alleging that defendant had placed in the automobile a storage battery rented from another, which was detained by the sheriff, supported by evidence that the owner of the battery had recovered judgment against defendant for its value, supports a judgment in the replevin action requiring the battery to be returned to defendant and awarding him damages for its detention.

**Replevin—Findings Held to Establish Reasonable Rental Value of Replevied Battery.**

6.   Though plaintiff, who replevied an automobile containing a battery rented by defendant, would be liable to defendant only for the reasonable rental value of the battery during the period of detention, not for the rental defendant agreed to pay, a finding by the trial court the rental value of the battery was the amount agreed to be paid was a sufficient finding of its reasonable rental value to support a judgment.

**Judgment—Pleadings Held not to Support Amount of Damages Allowed Defendant.**

7.   In an action of replevin, where defendant claimed damages for the rental value of a battery placed by him in the replevied automobile from the date of the seizure of the automobile by defendant, the pleadings did not support a judgment allowing defendant the amount he was compelled to pay as rental for the battery where that exceeded the amount of the rental value for the period stated.

**Costs—Defendant Tendering Judgment for Return of Plaintiff's Property is Entitled to Costs.**

8.   Where defendant in replevin tendered a judgment for the return of an automobile replevied by plaintiff, but claimed certain extras placed therein by himself, and damages for their detention, a judgment in accordance with defendant's prayer properly allowed him costs under Section 532, Or. L.

From Multnomah: J. P. KAVANAUGH, Judge.

In Banc.                        MODIFIED AND AFFIRMED.

For appellant there was a brief over the name of *Mr. Wilbur Henderson.*

For respondent there was a brief over the name of *Mr. W. W. Dugan, Jr.*

HARRIS, J.—1. This is an appeal by the plaintiff from a judgment rendered in an action to replevin an automobile. The cause was tried without the intervention of a jury. The findings of fact made and the conclusions of law reached by the trial court, and an order labeled "decree," and the judgment are before us; but none of the evidence received at the trial appears in the record submitted to us. The only questions which we can consider are whether the legal conclusions drawn by the trial court are deducible from the findings of fact, and whether the pleadings and findings of facts are sufficient to support the judgment: *Jeffery* v. *Smith,* 63 Or. 514 (128 Pac. 822); *O'Connor* v. *Towey,* 70 Or. 399 (140 Pac. 625); *United States Nat. Bank* v. *Shefler,* 77 Or. 579, 585 (143 Pac. 51, 152 Pac. 234).

The complaint, filed August 7, 1919, is in the usual form, and in substance alleges that D. G. Lebb, the plaintiff, owns and is entitled to the possession of a certain automobile detained by Orlando S. Peabody, the defendant. Judgment is demanded for the return of the automobile, or $500 its value, if return cannot be made.

The defendant alleges in his answer that he purchased the automobile on June 15, 1919, from S. E. Walcott for $300; and that, at the time of such purchase, the automobile was not equipped with a battery, did not have a serviceable tire on the right front wheel, and was not equipped with any auto-

mobile tools. The defendant further alleges that at the time the sheriff took possession of the automobile under the writ of replevin, the automobile was equipped with the

"following property furnished and supplied by defendant and not a part of said automobile at the time defendant purchased the same, to wit:

"First. A storage battery (Delco System), which said battery was the property of the Sunset Electric Company and was in defendant's possession under a rental agreement with said Sunset Electric Company, whereby defendant was and is responsible to said Sunset Electric Company for the same; that the market value of the said battery is $75.

"Second. An automobile tire make (Savage) size 36x4½, value $50.

"Third. A complete set of automobile tools of the approximate value of $25."

The defendant avers that he was damaged "in an amount equal to the value of the use of said battery, for the period of time the same has been in the custody of the sheriff." The defendant alleges that after purchasing the automobile he procured an Oregon license at an expense of $10, and that by reason of the taking of the automobile by the sheriff he has been damaged in the sum of $10, the amount paid for the license. It is further averred in the answer that after the sheriff took possession of the automobile the defendant offered to surrender the automobile to plaintiff

"provided plaintiff would release to defendant said battery, automobile tire, and automobile tools," and "defendant now tenders to plaintiff a judgment for said automobile, exclusive, however, of the said storage battery, the said automobile tire, and the said automobile tools, and the said Oregon license heretofore described; together with the cost incurred up to the date of filing this answer."

The defendant prayed for a judgment that

"he be adjudged the owner and entitled to the possession of the following described property:

"First. A storage battery (Delco System), or the value thereof, to wit: $75.

"Second. An automobile tire make 'Savage,' size 36x4½, or the value thereof, to wit: $50.

"Third. A complete set of automobile tools, or the value thereof, to wit: $25; all of said property having been taken with said automobile at the time the same was taken into the custody of the sheriff in this action, and:

"That defendant have judgment against the plaintiff * * such further sum as the court may find to be the damage to said battery, and for defendant's costs and disbursements herein."

The reply, besides denials, includes averments to the effect that the automobile had been stolen from the plaintiff, and that the defendant acquired possession of the machine with full knowledge that the car "was unlawfully in the possession of the party or parties who sold it to said defendant."

On April 10, 1920, the trial court filed findings of fact and conclusions of law. The court found as facts that on June 15, 1919, the defendant in good faith purchased the automobile from S. R. Walcott for $300, and

"that at said time said car was not equipped with a battery and did not have a serviceable tire on the right front wheel, and said car was not supplied or equipped with automobile tools";

that on July 17, 1919, the automobile was equipped with a storage battery (Delco System) by the Sunset Electric Company under an agreement whereby the defendant agreed to pay the company twenty-five cents per day as rental and "the sum of $25, should

said battery not be returned to said Sunset Electric Company; that the rental value of said battery to date is ——''; that after the defendant acquired the car, he placed on the right front wheel an automobile tire of the value of $45 and "which said tire is now on said automobile," and "equipped said car with a set of automobile tools, which said tools are now in said automobile," and that the defendant purchased an Oregon license at an expense of $10; that the defendant made a tender of judgment as alleged in the complaint, but that the plaintiff refused the tender; and that the plaintiff owned the automobile "exclusive of" the battery, tire and tools.

From the facts the court deduced the following legal conclusions: That the plaintiff "is entitled to possession" of the automobile, but that the defendant is entitled to the tire, the tools, and the battery with twenty-five cents per day as the rental from August 19, 1919, "amounting to $——"; that defendant is entitled to the value of the Oregon license in the amount of $10; and that "defendant is entitled to his costs and disbursements herein incurred."

On June 10, 1920, the court entered an order, which appears to have been labeled "decree" by which it was adjudged that the defendant "is the owner of and entitled to the immediate possession of" the tire, tools and battery, and

"that said storage battery is the property of the Sunset Electric Company and at the time this action was instituted was in the possession of the defendant on an agreement with the Sunset Electric Company; that plaintiff may adjust the claim of the Sunset Electric Company against Orland[o] S. Peabody for such battery, but that in case said plaintiff does not within ten days adjust said claim with the said Sunset Electric Company for said battery, that said

automobile, the subject of this action, be subject to execution issued out of the District Court of the State of Oregon, for the County of Multnomah, in the case of *Sunset Electric Company* v. *Orland* [o] *S. Peabody.*"

On June 29, 1920, the court entered a judgment which, after reciting the failure of the plaintiff to adjust the claim of the Sunset Electric Company and that the company had procured a judgment against Peabody for $85.25 and costs taxed at $8.65, making a total of $93.90, "for the use of" the battery, "amended" the "decree" and

"based on the findings of fact and conclusions of law heretofore entered herein,"

ordered and adjudged that the plaintiff is the owner and entitled to the possession of the automobile; that the defendant is the owner and entitled to the immediate possession of the tire and tools; and that

"the defendant have judgment against the plaintiff for the sum of $93.90 as damages to the defendant on account of the storage battery attached to the automobile, the subject of this action."

The plaintiff in his printed brief states that:

"This appeal is taken by reason of the findings of fact and conclusions of law as made and entered not being based on allegations of the pleadings and also from the two orders of judgment heretofore mentioned not being based upon either the pleading or the findings."

In his printed brief the respondent gives the following explanation of the "decree" of June 10, 1920:

"At the conclusion of the trial, and after the trial judge had indicated his decision, counsel for the appellant suggested that he would like to have an opportunity to settle the claim of the Sunset Electric Company against the respondent on account of said storage battery. This proposition was readily acceded

to by counsel for the respondent, whereupon the trial judge signified his willingness to permit such an amicable adjustment of the matter. The judgment order of June 10th, 1920, was entered merely to evidence this understanding.

"The appellant did not fulfill his agreement to settle with the Sunset Electric Company, and the respondent thereupon, after notice to the attorney for the appellant, appeared in court and had the judgment order of June 29th, 1920, signed and entered."

2. In the final analysis the "decree" and judgment attempt to adjudicate the rights of the parties only as to the automobile, the tire, the tools, the battery, and costs and disbursements. Both litigants concede that the pleadings and findings support the judgment to the extent that it relates to the automobile. Both the "decree" and the judgment declare that the defendant owns and is entitled to the immediate possession of the tire and tools. The answer sufficiently alleges that the defendant is the owner and entitled to the possession of the tire, or its value, and the tools, or their value; and the prayer of the answer is for a judgment in accordance with the averments in the body of the pleading. The court found as facts that the defendant furnished the tire and that its value is $45, and that the defendant furnished the tools; and from these facts the court concluded that the defendant was entitled to the immediate possession of the tire and tools. So far as the tire and tools are concerned, the answer supports the findings; the conclusions are deducible from the findings; and the decree and judgment, taken either singly or together, are supported by the answer, findings and conclusions.

It will be observed that, although the answer contains a claim of $10 on account of the license, and although the findings of fact and conclusions of law are drawn on the theory that the defendant is entitled to recover on that claim, still neither the "decree" nor the judgment makes any allowance for the license.

The "decree" declares that the defendant is entitled to the immediate possession of the battery, and the judgment allowed the defendant $93.90 as damages on account of the battery. The answer alleges that the defendant was in possession of the battery under a rental agreement with the Sunset Electric Company, the owner; that the defendant is entitled to the immediate possession of the battery or to receive $75, its value; and that defendant has been damaged in an amount equal to the value of the use of the battery for the period during which it has been in the custody of the sheriff.

3. The prayer of the answer is for the return of the battery or the payment of $75 as its value, and for damages on account of the battery. The statute authorizes a judgment like the one demanded by the defendant: Sections 153 and 198, Or. L.; *La Vie* v. *Crosby*, 43 Or. 612, 617 (74 Pac. 220). The court found the facts to be as alleged in the answer and from these facts deduced the legal conclusion that the defendant was entitled to the battery with rental value of twenty-five cents per day from August 19, 1919. The answer supports the findings. The conclusions are deducible from the findings; and the answer, findings and conclusions support the "decree" and judgment, except the amount allowed as damages. But the plaintiff complains about that part of the "decree" and judgment which refers to the claim of the Sunset Electric Company.

A reading of the "decree" in connection with the answer, findings of fact and conclusions of law makes it plain that on June 10, 1920, the date of the "decree," the company was asserting a claim against Peabody on account of the battery. Although the court found that as against the plaintiff the defendant was entitled to the immediate possession of the battery "with the rental value of twenty-five cents per day" from August 19, 1919, the court deferred entry of judgment against the plaintiff for damages for the use of the battery, because it appeared that the company was the real owner and that it was making a claim against Peabody for the use of the battery and that Peabody was in turn making a claim against Lebb for the use of the same battery for at least a part of the same period of time. In effect the court said to Lebb:

"If you adjust the claim made by the company against Peabody, who has rented the battery from the company, no judgment will be rendered against you as damages for the use of the battery."

4. The "decree" also declares that if the judgment is not made the automobile shall be subject to execution issued out of the District Court in the case of Sunset Electric Company against Peabody. This portion of the "decree" was in excess of the proper exercise of judicial authority. Apparently the company had sued Peabody in the District Court for damages. Lebb claimed to own and Peabody admitted that Lebb owned the automobile. The court had no more authority to decide in the instant case that the automobile was subject to an execution issued on the judgment rendered in the District Court in an action brought in that court by the Sunset Electric Company against Peabody, than it did to

declare that Lebb's house, or cow, or land was subject to such execution. However, in the judgment rendered on June 29, 1920, is a recital that Lebb had failed to adjust the claim held by the company against Peabody, and an additional recital to the effect that the company had procured a judgment against Peabody; and then following the recitals it is adjudged that Peabody have judgment against Lebb for $93.90 as damages on account of the battery.

5. The "decree" and judgment taken together declare that as against Lebb the defendant is entitled to the immediate possession of the battery and that Peabody is entitled to recover $93.90 as damages. The answer, findings and conclusions support this portion of the judgment, except as to the amount allowed.

6. Although Lebb would not be liable to Peabody for the amount the latter agreed to pay the owner for the use of the battery unless the agreed rental was the reasonable value of such use, it sufficiently appears from the findings and conclusions that twenty-five cents per day was by the court found to be the reasonable value of the use of the battery. The only damages alleged by the defendant in his answer is the amount "equal to the value of the use of said battery, for the period of time the same has been in the custody of the sheriff"; hence, this is the limit of the damages recoverable by the defendant.

7. The trial court concluded that Peabody was entitled to twenty-five cents per day as damages from August 19, 1919. On this basis the defendant was entitled to $77.50 on June 29, 1920, the date when the judgment was entered. Notwithstanding

the findings of fact and conclusions of law filed by the court, the judgment recovered by the company against Peabody, including the costs and disbursements allowed to the company, was taken as the measure of the damages assessed against Lebb. This appears upon the face of the judgment entered against Lebb; and, therefore, based upon the findings of fact, conclusions of law, and recitals made in the "decree" and the judgment we now order the entry of judgment for $77.50.

8. The judgment in respect of costs and disbursements was correct: Section 532, Or. L.

The order called the "decree" is modified by pruning that part of it which attempts to make the automobile subject to an execution issued on a judgment in the District Court; and the judgment is modified by the allowance of $77.50 as damages; and as so modified the "decree" and judgment are affirmed, but without costs to either party in this court: *Dippold* v. *Cathlamet Timber Co.,* 98 Or. 183, 194 (193 Pac. 909). MODIFIED AND AFFIRMED.