Argued at Pendleton May 8, affirmed July 17, rehearing denied October 2, objections to cost bill overruled October 23, 1928.

## C. H. FINN v. AUGUST E. ERICKSON ET AL.

(269 Pac. 232; 270 Pac. 767.)

For appellant there was a brief over the names of *Mr. C. H. Finn* and *Mr. F. S. Ivanhoe*, with an oral argument by *Mr. Finn.*

For respondents there was a brief over the names of *Messrs. Nichols, Hallock & Donald* and *Mr. H. E. Dixon*, with an oral argument by *Mr. Dixon.*

COSHOW, J.▮▮▮▮ There is in the record a document labeled "Bill of Exceptions." There is also a paper purporting to be a transcript of the testimony taken at the trial in the Circuit Court. Neither of these documents is authenticated, nor identified. The statutes simplifying the form and preparation of bills of exceptions has not abolished their authentication and identification. In fact these cannot be abolished without demoralizing procedure in this court. In actions at law its function is reviewing rulings of the judge and court below. Unless those rulings are properly brought to this court, authenticated and identified by the proper authority this court cannot proceed with assurance of determining the questions submitted to the court below. It should not be necessary to cite any authority to support these propositions other than the statute of this state: Or. L., §§ 170, 171. Section 172, Or. L., was amended so as to simplify preparations of bill of exceptions, but as amended said Section 172 requires the bill of exceptions to be settled and allowed and signed by the judge: Laws 1925, Chap. 50. The documents here purporting to be a bill of exceptions and transcript of all the testimony bears no evidence of having been allowed and settled, nor is either of them

signed by the judge. For that reason the only questions presented for determination here are the sufficiency of the further and separate defenses as alleged in the answer and the sufficiency of the pleadings to support the judgment.

 Plaintiff argues with great ability and vigor that his action being in tort defendants should not be allowed to plead as an affirmative defense or counterclaim their claim for compensation for warehouse charges, or to assert their lien for such compensation. The action is based upon the contract between plaintiff and defendants whereby plaintiff deposited as bailor certain apples and boxes with defendants as warehousemen who agreed to keep the same subject to the orders of plaintiff. The law implies such an agreement when one person bails to warehousemen personal property. It also implies an agreement on the part of bailor to pay reasonable compensation for the services of the warehousemen. Defendants are warehousemen. It is admitted that no special agreement was made by the plaintiff and defendants for compensation to them for serving as bailees. Plaintiff being dissatisfied with the condition of his apples, which he attributes to lack of care on the part of defendants, demanded the apples and followed the demand with this action of claim and delivery. Defendants as an affirmative defense in the nature of a counterclaim set up their right to the possession of the apples and boxes claimed by plaintiff. The action of claim and delivery is for the possession of personal property. The person entitled to the possession of the personal property at the time the action was instituted is entitled to prevail as a general rule. In support of defendants'

claim to the property, they set up the bailment, the issuance of a receipt and their right to a lien and to the possession of the property until their storage charges were paid. The affirmative defense arises out of the same transaction which the cause of action as alleged in plaintiff's complaint arises. Defendants were entitled to rely on their right to the possession of the personal property until their claim for storage, transportation and labor connected with the safe-keeping of said property was paid. The affirmative defense relied upon by defendants is not primarily a money demand. Their answer demands a return of the property and if a return thereof cannot be had, then for the value of the special interest of defendants therein. The defendants' defense is proper and within the statute and decisions of this court: Or. L., §§ 73, 74; *McCargar* v. *Wiley*, 112 Or. 215, 220 et seq. (229 Pac. 665); *Freeman* v. *Trummer*, 50 Or. 287 (91 Pac. 1077); *Guille* v. *Wong Fook*, 13 Or. 577 (11 Pac. 277); 23 R. C. L., p. 872, § 22; 23 R. C. L., p. 924, § 91. A ruling preventing defendants from setting up as an affirmative defense their special interest in the property replevined in cases like the instant case would be contrary to the spirit of our Code.

Plaintiff contends that because the receipt issued by defendants was not the negotiable warehouse receipt required by the Uniform Warehouse Act defendants are not entitled to recover compensation. The receipt is set up in the answer as an exhibit, and that question is properly here under the motion for judgment on the pleadings. The receipt is as follows:

"No. 482. WAREHOUSE RECEIPT.
 "La Grande, Oregon, Dec. 11, 1925.
 "Received for storage from C. H. Finn., for account of storage:

| Number of sacks | Commodity | Number boxes |
|---|---|---|
| 6968 | Commodity Apples, | Orchard Run, |
| | Loose in boxes. | |

gross lbs. tare net lbs. on the following conditions—loss or damage from fire, water, frost, the elements or unavoidable casualties at owner's risk. Owner assumes liability for removal of any damaged or spoiled goods. Delivery will not be made until this warehouse receipt is returned properly endorsed and all charges paid for storage and we will not be responsible for weights after goods leave warehouse.
 "(sd.) LA GRANDE WAREHOUSE & STORAGE CO.
 "By B. M. DURLAND."

■ It does not conform in all particulars with the requirements of Section 8009, Or. L. That, however, does not prevent defendants from recovering reasonable compensation. Plaintiff relies on two well-considered cases, neither of which is applicable. These cases are *Commonwealth Nat. Bank* v. *Canal Bank*, 239 U. S. 520 (60 L. Ed. 417, Ann. Cas. 1917E, 25, 36 Sup. Ct. Rep. 194); *Interstate Banking & Trust Co.* v. *Brown*, 235 Fed. 32. The first of these cases deals with a negotiable receipt and the rights of a holder by purchase. The latter with the rights of different claimants to the property, some of whom claim under non-negotiable receipts. They both recognize the right of a warehouseman to collect compensation, though the receipt given by him is not negotiable. Our statute recognizes the same right: Or. L., § 8011. Section 8034, Or. L., provides for a lien. Section 8037 prescribes the extent of the lien when the receipt is negotiable. This clearly implies that

a lien exists for a warehouseman's charges when the receipt issued is non-negotiable. We think there is really no room for difference of opinion about the right of defendants to collect for their services in transporting, caring for and storing plaintiff's apples and boxes.

 It is unnecessary to decide the question of whether or not the Uniform Warehouse Act has superseded other provisions of our statutes and the common law concerning warehousemen's liens. Said act provides for a lien whether a negotiable or non-negotiable receipt be issued: Or. L., §§ 8034, 8037. It was unnecessary for defendants to set up the statute by virtue of which they claim a lien. Naming a particular section of the statute was surplusage. The amendment of that allegation was likewise surplusage, and the order of the court allowing it within its discretion.

██ The judgment follows the pleadings and is based upon a valid verdict. The verdict provides for the return of the goods to defendants or if the same could not be returned then for the amount of their special property therein. The verdict and judgment differ slightly in language but the purport is the same. Defendants would not be entitled to recover from plaintiff the full value of the goods taken by plaintiff under the writ, unless defendants' special property therein was equal to or exceeded such value. It developed in this case that the goods could not be returned. Defendants therefore were entitled to judgment for only the amount of their special interest therein. The verdict specified that amount, and the judgment follows the verdict: *Zimmerman* v. *Sunset Lumber Co.*, 57 Or. 309 (111 Pac. 690, Ann. Cas. 1913A, 103, 32 L. R. A. (N. S.) 123); *Lebb* v. *Peabody,*

103 Or. 405 (205 Pac. 819); *Bohart* v. *Parker,* 76 Or. 371, 378 (147 Pac. 188, 149 Pac. 85); 23 R. C. L., p. 908, § 70; *Maeder Steel Products Co.* v. *Zanello,* 109 Or. 562, 572 (220 Pac. 155).

The other errors assigned by plaintiff are not properly before the court for examination. We find no reversible error in the record. The affirmative defense is sufficiently pleaded, and the judgment follows the pleadings. The judgment is affirmed.

AFFIRMED.

RAND, C. J., and BEAN and ROSSMAN, JJ., concur.

Rehearing denied October 2, 1928.

ON PETITION FOR REHEARING.

(270 Pac. 767.)

For the petition, *Mr. C. H. Finn* and *Mr. F. S. Ivanhoe.*

*Contra, Messrs. Nichols, Hallock & Donald* and *Mr. H. E. Dixon.*

Plaintiff has presented a very urgent petition for rehearing. He particularly challenges our statement to the effect that the bill of exceptions is not properly authenticated or certified. Our language was not accurate in stating that the document designated "Bill of Exceptions" filed April 16, 1928, was not certified. There is a certificate attached to that document sufficient in form. In the certificate, however, is a statement that the testimony together with the exhibits was annexed and marked "XX." But

no testimony is attached to this document. No exhibits are attached thereto; consequently the statement that neither the bill of exceptions nor the transcript of testimony is properly authenticated or certified is substantially correct. Neither is sufficient evidence set out in the bill of exceptions to enable the court to determine without reference to the other testimony the questions attempted to be presented to this court on the trial court's rulings on the admission of evidence. It would be necessary for this court to examine in detail the purported transcript of testimony to determine the questions that should be presented fully in the bill of exceptions. The document designated "testimony" is not authenticated or certified by the judge who presided at the trial. This is absolutely required by the statute as heretofore construed by this court: *Stark* v. *State Industrial Acc. Com.*, 103 Or. 80 (204 Pac. 151), and cases there cited.

"The clear intent of the statute is to constitute the trial judge the official and exclusive author of a bill of exceptions. He only can approve that document in its entirety and in every part. All of it must receive his sanction and that must appear from the document itself. * *

"For the reasons indicated, however, and for lack of authentication of the report of the testimony by the trial judge, the bill of exceptions in the record is not sufficient to raise the questions involved in the motions already mentioned." *Thomsen* v. *Giebisch*, 95 Or. 118, 122, 124 (186 Pac. 10). *Nealan* v. *Ring*, 98 Or. 490, 496 (184 Pac. 275, 193 Pac. 199); *Papenfus* v. *Lane County Credit Assn.*, 97 Or. 504, 505 (192 Pac. 797). The case must be considered here as if no evidence was here.

The other questions presented by the petition for rehearing were determined in the original opinion, to which we adhere. The petition does not add anything to the original brief presented by appellant. Former decision adhered to.

REHEARING DENIED. OBJECTIONS TO COST BILL OVERRULED.