## SAMPSELL v. LAWRENCE WARE-HOUSE CO.

### No. 11844.

Circuit Court of Appeals, Ninth Circuit.

May 12, 1948.

Rehearing Denied June 9, 1948.

McLaughlin, McGinley & Hanson, James A. McLaughlin and Frank C. Weller, all of Los Angeles, Cal., for appellant.

W. R. Wallace, Jr., W. R. Ray, Joseph Martin, Jr., and Williamson & Wallace, all of San Francisco, Cal., for appellee.

Before DENMAN, HEALY, and BONE, Circuit Judges.

DENMAN, Circuit Judge.

Appellant Sampsell, trustee in bankruptcy for the C. A. Reed Furniture Company, brought suit against Lawrence Warehouse Company, hereafter called Lawrence, to recover for conversion of personal property which originally belonged to the C. A. Reed Furniture Company, hereafter called Reed. The district court held that appellant's complaint failed to state a cause of action and entered a summary judgment for Lawrence, from which this appeal is taken.

The complaint alleges that Reed borrowed money from the California Bank during the period from September 1946 to May 1947. To provide security, a field warehouse was set up on Reed's premises: space there was leased to Lawrence, and certain of Reed's inventories were segregated and stored therein. Lawrence then issued warehouse receipts covering such goods to the California Bank. It is alleged that none of these receipts contained any statement as to the rate of storage charges, as required by California law. Lawrence nevertheless, on the authority of the receipts, delivered the property to the California Bank on July 3, 1947, and the Bank sold it. Reed became insolvent and Sampsell was elected trustee, whereupon he commenced the present action.

The warehouse receipts issued by Lawrence contained the statement that they were "Subject to lien for storage handling insurance and other charges as per contract and lease with the industry served. * * *"

The principal contention of appellant here and below is that the warehouse

receipts were invalid because they failed to state on their face the rate of storage, in violation of §§ 1858b, 1858f, of the California Civil Code, which reads in part

"All warehouse receipts must distinctly state on their face * * * · the rate of storage per month or season * * *."

"Every warehouseman * * * who violates any of [these] provisions * * * is guilty of a felony * * *. He is also liable to any person aggrieved by such ·violation for all damages, immediate or consequent, which he may have sustained therefrom * * *."

Appellant argues that the giving of such receipts being a felony, they conferred no rights on the Bank and that Lawrence is therefore liable to appellant for the value of the goods misdelivered. That that is so follows, according to appellant, from the general rule that instruments violating criminal statutes are void.

■ Lawrence contends, and we agree, that the controlling legislation must be construed so as to make legal challenged contracts under Section 1643 of the California Civil Code, providing "A contract must receive such an interpretation as will make it lawful, operative, definite, reasonable, and capable of being carried into effect, if it can be done without violating the intention of the parties."

Lawrence resists appellant's attempt so to shift its loss on the ground, inter alia, that § 1858 was repealed by the subsequent passage in 1909 of the Uniform Warehouse Receipts Act.[1] That act provides that

Sec. 2. "Warehouse receipts * * * must embody within [their] written or printed terms—* * *

"(e) The rate of storage charges * * *

"A warehouseman shall be liable to any person injured thereby, for all damage caused by the omission from a negotiable receipt of any of the terms herein required."

Sections 57 and 60 of the Uniform Act further provide ·

"This act shall be so interpreted and construed as to effectuate its general purpose to make uniform the law of those states which enact it." (Section 57).

"All acts or parts of acts inconsistent with this act are hereby repealed." (Section 60).

The Supreme Court of the United States, in Commercial National Bank of New Orleans v. Canal-Louisiana Bank & Trust Co., 239 U.S. 520, 528, 529, 36 S.Ct. 194, 197, 60 L.Ed. 417, Ann.Cas.1917E, 25, has said the following as to the effect of the Uniform Act: "It is said that under the law of Louisiana, as it stood prior to the enactment of the uniform warehouse receipts act, the Commercial Bank would not have taken title as against the Canal-Louisiana Bank (cases cited); and it is urged that the new statute is but a step in the development of the law, and that decisions under the former state statutes are safe guides to its construction. * * * It is apparent that if these uniform acts are construed in the several states adopting them according to former local views upon analogous subjects, we shall miss the desired uniformity, and we shall erect upon the foundation of uniform language separate legal structures as distinct as were the former varying laws. * * * This rule of construction requires that in order to accomplish the beneficent object of unifying, so far as this is possible under our dual system, the commercial law of the country, there should be taken into consideration the fundamental purpose of the uniform act, and that it should not be regarded merely as an offshoot of local law. The cardinal principle of the act—which has been adopted in many states—is ·to give effect, within the limits stated, to the mercantile view of documents of title. There had been statutes in some of the states dealing with such documents, but there still remained diversity of legal rights under similar commercial transactions. We think that the principle of the uniform act should have recognition to the exclusion of any inconsistent doctrine which may

---

[1] California Stats.1909, p. 437, Amended by Stats.1919, p. 398, Stats.1923, p. 876, Stat.1931, p. 1501, Stats.1933, p. 2398, Stats.1937, p. 2472, Gen.Laws, Act 9059.

have previously obtained in any of the states enacting it."

This court in Heffron v. Bank of America, 9 Cir., 113 F.2d 239, 240, 243, 133 A. L.R. 203, declared that Section 3440 of the Civil Code of California was repealed in so far as it interfered with the operation of the Uniform Act.

"The California Warehouse Receipts Act, Deering's General Laws, 1937, Act 9059, enacted in 1909 and several times amended, expressly repeals all acts or parts of acts in conflict with it. We are satisfied that this statute exclusively governs the decision to be made here."

"Indeed, the general scheme of the Warehouse Receipts Act to achieve uniformity, and to effect the secure and ready use of warehouse receipts as instruments of credit, is inconsistent with the notion that the business world must look to something other than the observance of the definite and comprehensive terms of the act itself."

The California Court in Jewett v. City Transfer & Storage Co., 128 Cal.App. 556, 561, 562, 18 P.2d 351, 353, reached a similar result, saying:

"Although in the law the repeal of a statute by implication is not favored, when on comparison of the later law with the earlier state it becomes apparent that the later law is a revision of the entire subject-matter embodied in the respective legislative acts, and that is is designed as a substitute for the earlier statute, the later law is deemed to supersede or repeal the earlier one.

\* \* \*

"Considering the provisions of the statute known as the Warehouse Receipts Act, it is apparent that its purpose was to revise the entire subject-matter relating to the general business of conducting a public warehouse. As hereinbefore indicated, if by any legal reason it may be held that any of the provisions of Sections 3051 and 3052 of the Civil Code apply to the subject of liens of warehousemen, those provisions, as to such liens, must be deemed repealed by the later legislative act."

In many states which have enacted the Uniform Warehouse Receipts Act, the omission from the receipts of one or more requirements of the act has been held not to invalidate them.[2]

It is apparent that the intent of the California legislature in providing that the act is to be interpreted to make uniform the law of the states which enacted it, is defeated if in California this warehouse receipt be held invalid.

We think the penal provisions of the prior act do not defeat the legislative purpose. The Warehouse Receipts Act has several penal provisions. They are the issuance of receipts (a) for goods which have not been received; (b) containing false statements; (c) not stating fact that the commodities are owned by warehouseman; (d) the delivery of goods without obtaining the surrender of a negotiable receipt, and the negotiation of a receipt issued for mortgaged goods.

To deem a further prior penal provision is a part of the act is to destroy such uniformity. We hold that the Act of 1905, section 1858 of the California Civil Code, penalizing the failure to state in the receipt the rate of storage is inconsistent with the Uniform Act and was thereby repealed in so far as affecting such warehouse receipts. It is a rational interpretation of the receipt, a contract embodying the law, which makes it lawful and carries into effect the intention of the parties.

The judgment is affirmed.

[2] Equitable Trust Co. v. A. C. White Lumber Co., D.C., 41 F.2d 60, 65; Manufacturer's Mercantile Co. v. Monarch Refrigerating Co., 266 Ill. 584, 107 N.E. 885, 887; New Jersey Title Guarantee & Trust Co. v. Rector, 76 N.J.Eq. 587, 75 A. 931, 932; Joseph v. P. Viane, Inc., 118 Misc. 344, 194 N.Y. 235; Woldson v. Davenport Mill & Elevator Co., 169 Wash. 298, 13 P.2d 478; Smith Bros. Co. v. Richeimer & Co., 1919, 145 La. 1066, 83 So. 255; Arbuthnot, Latham & Co. v. Reicheimer, 1916, 139 La. 797, 72 So. 251; In re Quaker City Cold Storage Co., D.C., 49 F.Supp. 60; Laube v. Seattle Nat. Bank, 1924, 130 Wash. 550, 228 P. 594; Finn v. Erickson, 1928, 127 Or. 107, 269 P. 232, 270 P. 767; Bank of California Nat. Ass'n v. Schmaltz, 1932, 139 Or. 163, 9 P.2d 112.