Harry Lawrence **BARR**, Petitioner-Appellant,

v.

J. J. **PARKER**, Warden, United States Penitentiary, Respondent-Appellee.

No. 71–2022.

United States Court of Appeals, Ninth Circuit.

Nov. 16, 1971.

Harry Lawrence Barr, in pro. per.

Stan Pitkin, U. S. Atty., Charles W. Billinghurst, Asst. U. S. Atty., Tacoma, Wash., for respondent-appellee.

Before CHAMBERS, MERRILL and KILKENNY, Circuit Judges.

PER CURIAM:

Petitioner, an inmate at McNeil Island Penitentiary, filed an application for a writ of habeas corpus on the ground that the United States Board of Parole erroneously revoked his parole. We affirm the District Court's denial of his application.

On March 25, 1969, petitioner secured a mandatory release from his four-year federal prison term. Pursuant to 18 U.S.C. § 4164, a prisoner so released shall "be deemed as if released on parole until the expiration of the maximum term or terms for which he was sentenced less one hundred and eighty days." In petitioner's case he was therefore subject to parole supervision until October 25, 1969.

Prior to his release, the State of Nevada had placed a detainer on petitioner to require him to return to that state to face trial on a forgery charge.[1] On June 1, 1969, he posted bail on the Nevada charge and went to Los Angeles to await trial. Twenty-five days later petitioner was arrested for receiving stolen property. Based upon this arrest, the United States Board of Parole issued a warrant on August 20, 1969, charging him with a parole violation. A detainer was placed on petitioner at the Los Angeles County Jail on November 10, 1970, and he was turned over to the custody of the United States Marshal on November 25, 1970.

On appeal, petitioner renews his contention that the Board of Parole lacked jurisdiction to revoke his parole. The basis of this contention was the alleged refusal of the Parole Board to exercise parole supervision over petitioner while he was subject to the jurisdiction of the courts of Nevada.[2]

It may well be that, as a matter of comity, the Board of Parole will refuse to exercise supervision over a parolee while he is subject to the jurisdiction of another court. However, this does not result in a tolling of the parole period, Welch v. Taylor, 292 F.2d 481, 483 (10th Cir. 1961), nor does the Parole Board lose jurisdiction to base a parole revocation on an act occurring during this period. Murray v. United States, 334 F.2d 616 (9th Cir. 1964) cert. denied 380 U.S. 917, 85 S.Ct. 906, 13 L.Ed.2d 802 (1965); Gould v. Sanford, 167 F.2d 887 (5th Cir. 1948). Hence, the District Court did not err in denying the application on this basis.

Petitioner also contends that the warrant revoking his parole was invalid because it was not executed within the term of his original sentence. However, 18 U.S.C. § 4205 only requires that the warrant be "issued" within the max-

1. § 4164 also provides that: "This section shall not prevent delivery of a prisoner to the authorities of any State otherwise entitled to his custody."

2. In his application petitioner alleged that immediately after arriving in Los Angeles he talked to the United States Probation Officer assigned to his case and was informed that there would be no parole supervision until final adjudication of the Nevada charges because the Probation Department "had no jurisdiction over him."

imum term or terms, as was done in this case. A warrant may be executed after the term has expired and may await the outcome of pending criminal charges and sentences entered thereon without amounting to an unreasonable delay. *See* Shelton v. United States Board of Parole, 128 U.S.App.D.C. 311, 388 F.2d 567, 571 (1967), and cases cited therein.

Affirmed.