Motion to strike out bill of exceptions filed June 1, denied July 16, 1918. Argued on the merits December 3, 1919, affirmed January 6, rehearing denied February 10, 1920.

## THOMSEN *v.* GIEBISCH.

(173 Pac. 888; 186 Pac. 10.)

**Exceptions, Bill of—Application for Extension—Oral Notice.**

1. Under Rule No. 53 of the Circuit Court, a bill of exceptions, tendered by appellants within extended time allowed by Circuit Court on their application after oral notice to respondent's attorneys of their intention so to apply, was tendered in good time.

### ON THE MERITS.

**Exceptions, Bill of — Use of Form Prescribed With Transcript of Whole Testimony Sufficient.**

2. A bill of exceptions conforming to the form prescribed by the proviso in Laws of 1913, page 651, and so having transcript of the whole testimony, is sufficient.

**Exceptions, Bill of—Judge must Authenticate the Testimony.**

3. Under Sections 172, 932, L. O. L., authentication of the testimony for purpose of bill of exceptions must be by the judge; the reporter's certificate indicating only *prima facie* correctness.

**Exceptions, Bill of—Signing by Other Than Trial Judge Allowed by Stipulation.**

4. The appellate court will not decide whether the bill of exceptions could properly be settled by a judge other than the one who tried the case; the acceptance thereof by attorneys providing that they will not object to any judge signing it on the ground that it should have been signed by the trial judge.

From Multnomah: GEORGE R. BAGLEY, Judge.

In Banc.

Motion to strike bill of exceptions from the files for the reason that it was not presented and settled within thirty days after the rendition of the judgment.

MOTION OVERRULED.

*Messrs. Carson & Brown* and *Messrs. Emmons & Webster,* for the motion.

*Mr. James P. Stapleton, contra.*

PER CURIAM.—1. The judgment in this case was rendered on January 28, 1918. Rule 49 of the Circuit Court is as follows:

"Any party to a civil or criminal action may within thirty days after the entry of final judgment, tender a bill of exceptions."

Rule 53 provides:

"The court, upon being satisfied that the adverse party or his attorney has had due notice thereof, may, on application of either party, grant an extension of time to file a bill of exceptions, or a statement of objections thereto, or fix a time for the settlement thereof, but written notice shall not be required."

On March 4, 1918, appellants, after orally notifying respondent's attorneys of their intention so to do, applied for and obtained an extension of time within which to prepare and tender a bill of exceptions, which bill was tendered within the time so allowed.

Conditions here are exactly the same as in *Francis* v. *Mutual Life Ins. Co.*, 61 Or. 141 (114 Pac. 921), and on the authority of that case the motion to dismiss is overruled.                         MOTION OVERRULED.

---

Affirmed January 6, 1920.

ON THE MERITS.

(186 Pac. 10.)

Department 1.

The plaintiff sued to recover damages for a deceit alleged to have been practiced upon him by the defendants in the sale to him of some cows to be used for dairy purposes.

Issue was joined on the parts of the complaint imputing fraud to the defendants and affirmative matter was alleged to the effect that the plaintiff was fully advised of the defects of the cattle before he bought. This was traversed by the reply. A jury trial was had, resulting in a verdict and judgment for the plaintiff. The defendants appeal.        AFFIRMED.

For appellants there was a brief and an oral argument by *Mr. James P. Stapleton.*

For respondent there was a brief over the names of *Messrs. Carson & Brown* and *Messrs. Emmons & Webster,* with an oral argument by *Mr. Thomas Brown.*

BURNETT, J.—The only errors assigned are two, one based upon the court's refusal of the defendants' motion for a nonsuit at the close of the plaintiff's case in chief, and the other upon denial of their motion for a directed verdict at the conclusion of the whole case. The plaintiff contends that these questions are not presented by the bill of exceptions. That document states the issues substantially as above noted, gives four grounds for the motion for a nonsuit, and states the ruling of the court thereon, as well as upon the motion for a directed verdict. No allusion is made to any report of the testimony. The bill is signed by Judge ROBERT G. MORROW, whereas the record discloses that the case was heard before Judge GEORGE R. BAGLEY. Physically annexed to the bill of exceptions above described is a typewritten document of more than one hundred pages, certified by the official reporter of the nineteenth judicial district, to the tenor:

"That the above and foregoing is a full, true and correct transcript of my shorthand notes taken at the

trial of the above-entitled cause in the above-entitled court, of the testimony and the whole thereof.''

2. The earlier cases summed up in such precedents as *Keady* v. *United Railways Co.,* 57 Or. 325 (100 Pac. 658, 108 Pac. 197), and *National Council* v. *McGinn,* 70 Or. 457 (138 Pac. 493), laid down the rule that a *verbatim* report of the testimony and colloquies between the court and counsel does not constitute a bill of exceptions, insisting that each claim of error should have grouped with it so much of the testimony, and no more, as would be necessary to explain the particular objection.   On that principle, in case of error predicated upon a denial of motions for nonsuit and for a directed verdict, it is necessary to set out all the testimony so as to explain the point involved.   The doctrine of the previous cases, however, was overturned by the ruling of the majority of this court in *Malloy* v. *Marshall-Wells Hardware Co.,* 90 Or. 303 (173 Pac. 267, 175 Pac. 659, 176 Pac. 589), based upon the statute of 1913 (Laws 1913, p. 651), reading thus:

''No particular form of exceptions shall be required. The objection shall be stated, with as much evidence, or other matter, as is necessary to explain it, but no more; *provided, however,* that the bill of exceptions may consist of a transcript of the whole testimony and all of the proceedings had at the trial, including the exhibits offered and received or rejected, the instructions of the court to the jury, and any other matter material to the decision of the appeal.''

And it was there held in substance that what had before been declared to be insufficient as a bill of exceptions was thereafter to be taken as a proper form of that document.

3. Section 172, L. O. L., says, however, that:

''The statement of the exception, when settled and allowed, shall be signed by the judge and filed with the

clerk, and thereafter it shall be deemed and taken to be a part of the record of the cause.''

The clear intent of the statute is to constitute the trial judge the official and exclusive author of a bill of exceptions. He only can approve that document in its entirety and in every part. All of it must receive his sanction and that must appear from the document itself. The only exception to this rule is found in Section 170, L. O. L., to the effect that if at any time, including that of settling the bill, a disagreement should arise between counsel and the court as to the frame of the document, the former may fortify himself with certain affidavits to be made by disinterested bystanders or by himself and the stenographer who took down the exception. To this a counter-showing may be interposed by the opposite party, and from these data the appellate court shall ascertain the truth of the matter in controversy and decide accordingly. It is true, as stated in Section 932, L. O. L.:

''The report of the official reporter, when transcribed and certified to as being a correct transcript of the stenographic notes of the testimony, exceptions taken, charge of the judge, and other proceedings in the matter, suit, or action, shall be *prima facie* a correct statement of such testimony, exceptions, charge of the judge, and other proceedings, and may thereafter be read in evidence as the deposition of a witness in the cases mentioned in Section 852, and in case of the death, resignation, expiration of the term of office, or vacancy in the office from any other cause of the judge before whom such matter, suit, or action was tried, the exceptions and the statement thereof provided for by Sections 169, 170, 171, and 172, may be settled and signed by the successor in office of such judge or by any judge authorized in such cases to perform the general duties of the judge of such court * * .''

Speaking of the language used in this section, in *Tallmadge* v. *Hooper,* 37 Or. 503 (61 Pac. 349, 1127), Mr. Justice ROBERT S. BEAN said:

"A stenographer is an officer of the court, charged with the duty of correctly reporting all the proceedings on the trial, and his certificate is entitled to the same faith and credit as that of any other officer. The transscription of his notes, when certified to by him and filed with the clerk of the court where the cause was tried, becomes a part of the record and *prima facie* a correct statement of the testimony and proceedings on the trial, and is entitled to faith and credit as such in the appellate court."

The learned justice was there treating of the authentication of testimony in an equity case. The matter of a bill of exceptions was not involved. Treating of the same language included in the section above quoted, in *Henrichsen* v. *Smith,* 29 Or. 475 (42 Pac. 486, 44 Pac. 496), this court in a *per curiam* opinion said:

"The act creating the office of official court reporter in this state provides that his notes, when transcribed and certified to by him as being correct, shall be deemed *prima facie* so (Laws 1889, p. 144,) but it is not provided that such report shall be sufficient evidence from which the successor of the judge who tried the action shall settle and sign a bill of exceptions. The exceptions, when signed, import absolute verity, and, in the absence of a statute declaring the report and certificate of the official reporter of that high character, it would be difficult indeed, in case of a disputed issue of fact, for a judge who had not heard or given attention to the trial of an action to so certify."

The result to be extracted from all these rulings is that the transcription of the reporter's notes, certified by him, constitutes material from which a bill of exceptions may be compiled; but it was never the intention of any of the legislation or of the decisions up to

this time that the reporter should supersede the judge in authority in the construction of the bill. The only exception to this is the one already noted, based upon a dispute between counsel and the court respecting the truth of the statement of the exception. The reporter's certificate indicates only *prima facie* correctness. It does not import absolute verity. The latter result can be accomplished only by the authentication of the trial judge.

4. It may be remarked in passing that the bill in the present instance was settled by a judge who did not try the case. It would seem from a proper construction of Section 932, L. O. L., that this could not be done except in the case of the death, resignation or expiration of the term of office, or other vacancy in the office from any cause, of the judge before whom the hearing was had; which is not made to appear in the present instance. We do not decide this point, however, in the present case, because we find appended to the bill of exceptions an acceptance of service signed by the attorneys for the plaintiff, in which they "agree not to object to any judge signing the proposed bill of exceptions on the ground that it should have been signed by the judge who tried the case."

For the reasons indicated, however, and for lack of authentication of the report of the testimony by the trial judge, the bill of exceptions in the record is not sufficient to raise the questions involved in the motions already mentioned.

The result is that the judgment of the Circuit Court must be affirmed. AFFIRMED. REHEARING DENIED.

McBRIDE, C. J., and BENSON and HARRIS, JJ., concur.