Motion to dismiss appeal overruled October 14, 1919, argued on the merits October 6, affirmed November 9, 1920, rehearing denied January 11, 1921.

# NEALAN v. RING.

### (184 Pac. 275; 193 Pac. 199.)

**Time—Computing Time for Notice of Appeal by Excluding First Day.**

1. Where judgment was entered March 13th, the 60-day period within which the notice of appeal is required to be served and filed under Section 550, L. O. L., as amended by Laws of 1913, page 617, will be computed, under Section 531, L. O. L., requiring first day to be excluded in computing time within which an act is to be done, by excluding both the 13th and the 14th of March.

**Courts—Rule Working No Injustice, Acted upon by Profession, Affirmed.**

2. Where rule announced by decisions of the Supreme Court, which have been generally received and acted upon by the profession, works no injustice, the decisions will not be overturned.

### ON THE MERITS.

**Appeal and Error—Transcript of Evidence Held not Sufficiently Authenticated.**

3. Where transcript of testimony was certified by a reporter, with nothing to indicate that such reporter was the official reporter, and was not filed with the clerk of the court or authenticated by the certificate of the trial judge, the transcript was not sufficiently authenticated for consideration by Supreme Court under Sections 554, 927, 929, 931, 932, L. O. L.

**Appeal and Error—Trial Judge may Authenticate Report of Testimony, Regardless of Whether There is an Official Reporter.**

4. It is competent for the trial judge to authenticate a report of testimony whether there is an official reporter or not.

**Appeal and Error—Only Question in Absence of Transcript is Sufficiency of Pleadings to Sustain Decree.**

5. In absence of properly authenticated evidence, the only question to be considered on appeal is when the pleadings are sufficient to uphold the decree.

### ON PETITION FOR REHEARING.

**Appeal and Error—Transcript of Evidence—Failure to have Same Properly Authenticated—Effect—When Application to Amend Transcript Deemed too Late.**

6. Where appellant has failed to have a properly certified transcript made and filed, and no application to amend the same was

---

1. On exclusion or inclusion of Sunday or holiday in computation of time for taking or perfecting appeal, see note in Ann. Cas. 1917E, 930.

On the rule as to first and last day in computing time for taking appeal, see notes in 49 L. R. A. 226, and 15 L. R. A. (N. S.) 689.

made until after cause had been argued and submitted and an opinion
handed down by the appellate court, *held*, the application comes too
late.

From Linn: GEORGE G. BINGHAM, Judge.

In Banc.

On motion to dismiss appeal.          .          OVERRULED.

*Messrs. Weatherford & Wyatt,* for the motion.

*Mr. Walter C. Winslow, contra.*

McBRIDE, C. J.—This is a motion to dismiss an
appeal. The judgment was entered March 13, 1919.
The notice of appeal was filed May 13, 1919. Sec-
tion 550, L. O. L., as amended by subdivision 5, Chap-
ter 319, Gen. Laws 1913, provides in substance that
an appeal, if not taken in open court at the time of
the rendition of the judgment or decree, shall be taken
by serving and filing the notice of appeal within sixty
days from the entry of the judgment or decree ap-
pealed from. Section 531, L. O. L., provides, among
other matters, that—

"The time within which an act is to be done, as pro-
vided in this Code, shall be computed by excluding the
first day and including the last, unless the last day fall
upon Sunday, Christmas, or other nonjudicial day, in
which case the last day shall also be excluded."

Respondent contends that by virtue of these provi-
sions, the thirteenth day of March should be excluded
and the 14th included, which method of computation
would cause the filing of the notice herein to fall upon
the sixty-first day after the entry of judgment, or one
day too late. Appellant claims that the 14th should
be excluded, which method of computation would allow
the whole of the thirteenth day of May for filing the
notice, which would consequently be within sixty days.

1, 2. Decisions of other states upon this point are conflicting and the question is not free from difficulty, but we are of the opinion that the cases of *Pringle Falls Power Co.* v. *Patterson,* 65 Or. 474 (128 Pac. 820, 132 Pac. 527), and *Vincent* v. *First Nat. Bank,* 76 Or. 579. (143 Pac. 1100, 149 Pac. 938), settle the contention in favor of appellant. Were the matter *res integra* a different conclusion might plausibly be contended for, but these decisions having been generally received and acted upon by the profession, it would be injudicious to overturn them, especially as the rule therein announced works no injustice.

The motion is overruled.                    OVERRULED.

---

Affirmed October 6, 1920.

ON THE MERITS.

(193 Pac. 199.)

Department 1.

Substantially, this is a suit in which the plaintiff, claiming to be the owner of certain lands in Linn County upon which there is standing a large quantity of merchantable timber, sues to enjoin the defendant from a continuance of a trespass, and from cutting any of the timber. The answer denies the plaintiff's ownership of the land, and in fact traverses the whole complaint, except that there is standing timber upon the premises, and that the defendant went upon the land and began to cut the timber. The answer further alleges a contract with the plaintiff through his agent, P. J. Nealan, whereby the defendant was to go upon the land, cut the timber thereon, and pay for it at the rate of one dollar per thousand feet, board measure. This, in turn, is denied by the reply. A

further defense, to the effect that P. J. Nealan is the real owner of the land, the title of which is held in the name of his father, the plaintiff, and that a contract was made with the son for the cutting of the timber is also alleged in the answer and denied by the reply.

After a trial before it, the Circuit Court denied the prayer of the complaint and dismissed the suit, and the plaintiff appeals.                          AFFIRMED.

For appellant there was a brief over the names of *Mr. Walter C. Winslow* and *Mr. V. A. Goode,* with an oral argument by *Mr. Winslow.*

For respondent there was a brief over the name of *Messrs. Weatherford & Wyatt,* with an oral argument by *Mr. J. R. Wyatt.*

BURNETT, J.—3. We are prevented from an examination of the case on the merits by the absence of an official report of the testimony. By Section 927, Or. L., the judge of each judicial district has authority in his discretion to appoint a stenographer, to be known as the official reporter, who before entering upon the discharge of his official duties shall take an oath faithfully to perform the duties of the office. Having taken stenographic notes of the evidence at the trial of the case, the official reporter must file the same in the office of the clerk, and, when either party to the suit requires a transcript of the testimony, the reporter is required to make such transcript, under certain conditions, certify the same, and file it with the clerk of the court. The transcript, thus authenticated, is deemed a *prima facie* correct statement of the testimony. In the absence or inability of the official reporter to act, the judge may appoint a competent stenographer to act as such, *pro tem.,* who

shall possess the same qualifications and take the same oath as the official reporter: Sections 929, 931, 932 and 933, Or. L. It is provided by Section 554, Or. L., subdivision 1, that:

"If the appeal is from a decree and the cause is to be tried anew on the testimony, the clerk shall attach together the testimony, depositions, and other papers on file in his office containing the evidence heard or offered on trial in the, court below, and deliver the same to the appellant, taking therefor his receipt in duplicate, one of which receipts he shall file in his office, and the other deliver to the respondent when so required. Such evidence shall be deemed a part. of the transcript or abstract, and shall be filed therewith."

In the instant case there are before us, annexed together, what the clerk of the Circuit Court declares by his certificate to be copies of the notice of appeal, undertaking on appeal, order extending time for filing transcript, and what he certifies and makes part of the transcript, defendant's exhibits A, B, C, D and E, but there is no other testimony thereto annexed. Accompanying the papers is what perhaps may be a transcription of testimony in the cause, certified thus:

"In the Circuit Court of the State of Oregon for the County of Linn, Department No. 2.

"Theodore Nealan,

Plaintiff,

vs.

Al. Ring,

Defendant.

"REPORTER'S CERTIFICATE.

"State of Oregon,
County of Marion,—ss.

"I, Edna Garfield, do hereby certify that at Albany, Oregon, on the 24th day of December, 1918, I reported in shorthand the proceedings had in the above entitled

cause; that subsequently the same was reduced to typewriting, and that the foregoing pages, numbered from 1 to 59, inclusive, constitutes all of the oral testimony adduced at said trial, and is an accurate transcript of said shorthand notes so taken by me, and of the whole thereof; that the exhibits therein referred to, consisting of Defendant's Exhibits A, B, C, D and E, respectively, constitutes all of the documentary evidence offered and received at said trial; that each witness, before testifying, was first duly sworn to tell the truth, the whole truth and nothing but the truth.

"Dated at Salem, Oregon, July 1, 1919.

"(Signed)  EDNA GARFIELD,

"Reporter."

This transcript of testimony is not otherwise authenticated. It is not attached to the exhibits mentioned. It contains no file-mark or other evidence indicating that it had ever been in the custody of the county clerk. The reporter does not pretend to be the official reporter of the Circuit Court. For aught that appears she may have been the private stenographer of one of the parties, acting without any authority from the court. It is said in *Neal* v. *Roach,* 61 Or. 513, 515 (107 Pac. 475, 476):

"Such evidence might have been identified by the judge who tried this suit and rendered the decree herein, and he undoubtedly could, by a proper certificate, have made the judgment-roll in the former suit, if it was received in evidence, a part of the transcript in this suit: Section 827, B. & C. Comp. [Section 838, Or. L.]; *Hume* v. *Rogue River Packing Co.,* 51 Or. 237 (83 Pac. 391, 92 Pac. 1065, 96 Pac. 865). * * It is sufficient to say that, unless it is identified and certified in the manner indicated, it will not be examined."

In that case the clerk had made an affidavit that a certain judgment-roll had been introduced in evidence,

but the court held that his affidavit was not competent evidence of that fact. The official reporter had died after taking stenographic notes of the testimony, but before the same had been transcribed, and no other shorthand writer could transcribe them.

The regular channel through which the evidence reaches this court is that prescribed by the statute. The report of the testimony must originate with the official stenographer, if one is used, and his certificate is sufficient authentication of it for the purposes of suits in equity: *Tallmadge* v. *Hooper,* 37 Or. 503 (61 Pac. 349, 1127); *Sanborn* v. *Fitzpatrick,* 51 Or. 457 (91 Pac. 540). These precedents and the instant case must be distinguished from *Thomsen* v. *Giebisch,* 95 Or. 118 (173 Pac. 888, 186 Pac. 10), and *Utah-Idaho Sugar Co.* v. *Lewis,* 95 Or. 224 (187 Pac. 590), where we decided that the trial judge or his successor alone could make and sign a bill of exceptions in an action at law, although the same might consist largely of a transcript of the testimony. There is no such thing as a bill of exceptions in an equity case, and in this case we are concerned only with the manner of authenticating the testimony.

4. The transcript of the stenographic notes must be filed with the clerk. It is, of course, competent for the trial judge to authenticate a report of the testimony, whether there is an official reporter or not. But we cannot examine any such document not authenticated either by the judge or the official reporter, and which does not come to us through the regular statutory channel. In the instant case, the report of testimony is attested neither by an official stenographer nor by the certificate of the trial judge. This does not constitute the material upon which we can reexamine the question of fact involved in the case.

5. Owing to this absence of properly authenticated evidence, the only question to be considered is whether or not the pleadings are sufficient to uphold the decree: *Howe* v. *Patterson,* 5 Or. 353; *Wyatt* v. *Wyatt,* 31 Or. 531 (49 Pac. 855); *In re Morrison's Estate,* 48 Or. 612 (87 Pac. 1043); *Scott* v. *Smith,* 58 Or. 591 (115 Pac. 969); *Matthews* v. *Matthews,* 60 Or. 451 (119 Pac. 766); *O'Connor* v. *Towey,* 70 Or. 399 (140 Pac. 625); *United States Nat. Bank* v. *Shefler,* 77 Or. 579 (143 Pac. 51, 152 Pac. 234). The sufficiency of the pleadings to justify the decree entered by the Circuit Court is not questioned. In brief, the state of the record precludes us from an examination of the questions urged at the argument, respecting the sale of timber considered as the disposal of an estate in land, and whether or not the statute of frauds is applicable to a transaction of the kind here in dispute. The decree of the Circuit Court must be affirmed.

AFFIRMED.

McBRIDE, C. J., and HARRIS and JOHNS, JJ., concur.

---

Denied January 11, 1921.

ON PETITION FOR REHEARING.

(193 Pac. 747.)

On petition for rehearing. DENIED.

*Mr. Walter C. Winslow* and *Mr. V. A. Goode,* for the petition.

*Messrs. Weatherford & Wyatt, contra.*

Department 1.

McBRIDE, J.—This cause was argued and submitted on October 6, 1920, and an opinion written by Mr. Justice BURNETT affirming the decree of the Circuit Court was handed down on November 9, 1920. In that opinion we declined to consider the testimony in the case for the reason that such testimony had not been filed with the clerk of the Circuit Court or authenticated by the circuit judge as required by law. After this opinion had been rendered, the appellant procured the transcript of testimony to be certified by the circuit judge, and now moves for a rehearing on the merits. The affidavit of one of appellant's attorneys is substantially to the effect that he seasonably had the testimony extended and showed it to the attorneys for respondent, who assented to its accuracy; that he has no knowledge or recollection as to how it found its way into the office of the clerk of the Circuit Court; and that the failure to have it certified was due to the excusable oversight of appellant's attorney, who supposed that this had been done, until he saw the opinion of Mr. Justice BURNETT in this case. He now asks leave to have the case reheard upon the merits.

This application comes too late. Had it been made before the hearing, we would have been inclined to permit the transcript to be amended; but to allow a party after having tried his case upon the transcript he has presented, and after defeat, to procure an amendment of it and a rehearing upon the transcript as amended, would lead to intolerable delays in the administration of justice. This is especially the case in instances like the present, where the defect was pointed out in the respondent's brief. We quote from that brief the following:

"There is another feature in this case, that we are to presume that the transcript contains all of the evidence and exhibits. There was no official reporter appointed by the court to report or transcribe the evidence in the case and the same does not bear the file mark of the clerk of the court, nor is it identified in his certificate or by the certificate of the trial judge."

This brief was filed November 8, 1919, and the hearing was had on October 6, 1920, so that appellant had nearly a year prior to the hearing in which to procure the certificate of the trial judge, had he deemed it material.

Neither the affidavit nor the transcript of testimony shows any such controlling equities as should induce this court to disregard the salutary rule announced in *State* v. *Jennings,* 48 Or. 483, 494 (87 Pac. 524, 89 Pac. 421), which is substantially to the effect that amendments to the transcript will not be permitted after a cause has been argued and submitted and an opinion handed down: See, also, *McCann* v. *Burns,* 73 Or. 167, 172 (136 Pac. 659, 143 Pac. 916, 1099, 1100); *Noble* v. *Watrous,* 84 Or. 418, 426 (163 Pac. 310, 165 Pac. 349); *Malloy* v. *Marshall-Wells Hardware Co.,* 90 Or. 303, 359 (173 Pac. 267, 175 Pac. 659, 176 Pac. 289).

The petition for rehearing is denied.

AFFIRMED.  REHEARING DENIED.

BURNETT, C. J., and HARRIS and JOHNS, JJ., concur.