Argued March 19, affirmed April 10, 1928.

## E. J. BERNECHE *v.* ALEX HESS ET AL.

(266 Pac. 244.)

**Appeal and Error—Failure to File Bill of Exceptions Authenticated by Trial Judge in Action at Law Precludes Review, Notwithstanding Stipulation as to Contents (Or. L., §§ 172, 932).**

Failure of appellant to file bill of exceptions authenticated by trial judge *held* to preclude Supreme Court's review of errors alleged on appeal in action at law, under Sections 172, 932, Or. L., notwithstanding stipulation permitting attachment to transcript of testimony, objections and rulings, instructions and motions, which might be considered as bill of exceptions.

Appeal and Error, 4 **C. J.,** p. 293, n. 27.

From Multnomah: **T. E. J. DUFFY,** Judge.

Department 2.

This is an action at law for the recovery of damages for breach of a building contract. The contractor and his surety are the defendants herein.

The first alleged cause of action in the complaint involves the west wall of the building constructed by the contractor. The second refers to the construction of the basement and basement walls, and the third to the roof. The fourth and fifth involve the outside finishing of the walls. The sixth has reference to unpaid bills incurred by the contractor. The seventh refers to the amounts which plaintiff was required to pay out for work which the contractor had promised to return and do, and the eighth to certain shut-off cocks.

The defendants deny the allegations of the complaint, and affirmatively allege that the final payment made by the plaintiff on April 28, 1924, constituted a full and complete settlement of all matters and things between defendant Hess and plaintiff; that

the building was fully accepted without reservation, and that because of such settlement and acceptance the plaintiff is estopped from claiming damages as alleged in his complaint and has waived his right to bring action therefor.

From a judgment based upon a verdict for plaintiff, defendants appeal.                   AFFIRMED.

For appellants there was a brief over the names of *Mr. W. D. Burnett, Mr. Henry S. Westbrook* and *Mr. T. Walter Gillard,* with an oral argument by *Mr. Westbrook.*

For respondent there was a brief and oral argument by *Mr. W. F. Magill.*

BROWN, J.—The plaintiff denies the right of the court to enter into an examination of the several alleged errors, for the reason that defendants have failed to file an authenticated bill of exceptions made by the trial judge. Plaintiff stipulated with the defendants that, in the appeal of the case to the Supreme Court, there might be attached to the transcript on appeal a full transcript of the testimony, containing the objections and rulings of the court, instructions requested and instructions given, motions for nonsuit and directed verdict, and that all thereof might be considered as a bill of exceptions in the case and attached to the transcript on appeal as a part thereof. As to the object of the stipulation, the plaintiff says:

"The purpose of the stipulation was to permit the full record to constitute the bill of exceptions, instead of requiring appellant to prepare and serve and have considered a separate bill specifically setting forth the exceptions, but there was no intention to waive the authentication of the bill as required by law. * *

"It will be seen that there is no certificate of authentication of the record * * by Judge Stevenson. The only certificate we have are those of the reporters who certify that the transcript is a full, true, and accurate record of their shorthand notes * * ."

In support of his contention, the plaintiff relies upon Sections 172 and 932, Or. L., and, in addition, cites three Oregon decisions. The first of these cases is *Thomsen* v. *Giebisch,* 95 Or. 118 (173 Pac. 888, 186 Pac. 10), where the court held that, under Sections 172 and 932, L. O. L., the authentication of the testimony for the purpose of a bill of exceptions must be by the judge. In rendering the opinion in that case Mr. Justice BURNETT, the learned jurist who spoke for the court, said:

"The reporter's certificate indicates only *prima facie* correctness. It does not import absolute verity. The latter result can be accomplished only by the authentication of the trial judge."

The next case cited by plaintiff is *Astoria* v. *Zindorf,* 96 Or. 332 (189 Pac. 884), where the court, speaking through Mr. Justice BENSON, held that a transcript of the evidence cannot be considered as a bill of exceptions unless certified by the trial judge.

The third case is the case of *Papenfus* v. *Lane County Credit Assn.,* 97 Or. 504 (192 Pac. 797), where the court held that, under the Laws of 1913, page 650, the transcript of testimony will be carried bodily into the bill of exceptions if correctly certified as such by the trial court, and that it will then be sufficient to bring up the rulings below as set forth therein, but that, though certified by the reporter, such a transcript is not a bill of exceptions, and is without efficacy to bring up the trial proceedings, until certified by the court.

As early as 1853, it was held in the jurisprudence of Oregon that the proper method of placing upon the record the rulings of the trial judge was by bill of exceptions signed and sealed by such judge. See *Thompson* v. *Backenstos,* 1 Or. 17, opinion by WILLIAMS, C. J.

Again, in the case of *Singer M. Co.* v. *Graham,* 8 Or. 17 (34 Am. Rep. 572), this court, speaking through Mr. Chief Justice KELLY, held that a statement containing the testimony adduced at the trial and the rulings of the court excepted to on such trial, although certified to be correct by the attorneys of both parties, does not become a bill of exceptions unless signed by the judge, and until so signed cannot be considered as such on an appeal to the Supreme Court.

As upholding the doctrine announced by the foregoing cases, see 3 Ency. Plead. & Prac. 437, where it is said:

"The trial judge must indicate his approval of its correctness by authentication under his own hand."

Moreover, there are a number of authorities holding that, in a case where the law provides that an exception, when settled and allowed, shall be signed by the judge and filed with the clerk, the omission of the judge to sign the bill of exceptions is not supplied by his signature to orders allowing and settling such bill. See *Dalton* v. *Hazelet* (1910), 182 Fed. 561 (105 C. C. A. 99).

In *Oxford & Coast Line R. Co.* v. *Union Bank,* 153 Fed. 723 (82 C. C. A. 609), it was held that, under Revised Statutes, § 953 (U. S. Comp. Stats. 1901, p. 696), which provides that a bill of exceptions shall be considered sufficiently authenticated if signed by

the judge of the court in which the cause was tried, or by the presiding judge thereof, no bill of exceptions is sufficiently authenticated unless signed by a judge who sat at the trial within the time required by law, and the omission or failure of such judge to sign the same cannot be cured by his certificate that it was allowed, settled and signed within such time. This case is valuable and instructive, and contains many authorities directly in point.

The discussion of this court in the instant case, and the rules enunciated herein, relate exclusively to the authentication of bills of exceptions in actions at law.

From an examination of the record properly before us, we are required to affirm this cause. It is so ordered.                                           AFFIRMED.

RAND, C. J., and BEAN and BELT, JJ., concur.