Argued April 18, affirmed September 25, 1928.

HARRY KRUCKMAN *v.* C. T. SMITH ET AL.

(270 Pac. 474.)

For appellants there was a brief and oral argument by *Mr. John K. Kollock.*

For respondent there was a brief over the name of *Mr. Johnston Wilson,* with an oral argument by *Mr. Elton Watkins.*

BEAN, J.—This is an appeal by defendants from an adverse judgment rendered upon the verdict of a jury. Only one question is relied upon by defendants upon this appeal. The action was against the defendants as joint tort-feasors.

It is the position of defendants that there was no evidence adduced of a concert of action, or conspiracy, on the part of defendants and, therefore, they cannot be held liable as joint tort-feasors. The question depends upon the testimony in the case.

The plaintiff contends that the testimony in the case is not properly before this court on account of a want of a bill of exceptions signed by the judge before whom the cause was tried. It appears from the record that the cause was heard in the Circuit Court of the State of Oregon for Multnomah County April 7, 1927, before the Honorable D. R. PARKER, Judge of the Eleventh Judicial District, sitting by assignment of the Chief Justice of the Supreme Court, in the Fourth Judicial District, and a jury.

A verdict was returned April 7, 1927, and a judgment entered April 11, 1927, requiring the bill of exceptions to be tendered on or before April 25, 1927. When the bill of exceptions consisting of a transcript of the testimony and all of the pro-

ceedings had at the trial, being 350 pages of type-writing certified to by the official report, was prepared as a bill of exceptions and was ready for certification, Judge PARKER, who had tried the case, had returned to the Eleventh Judicial District and the transcript of the proceedings was signed by the Honorable WALTER H. EVANS, one of the Judges of the Fourth Judicial District.

In *Henrichsen* v. *Smith,* 29 Or. 475, 482 (42 Pac. 486, 44 Pac. 496), this court said:

"The act creating the office of official court reporter in this state provides that his notes, when transcribed and certified to by him as being correct, shall be deemed *prima facie* so, (Laws, 1889, p. 144) but it is not provided that such report shall be sufficient evidence from which the successor of the judge who tried the action shall settle and sign a bill of exceptions. The exceptions, when signed, import absolute verity, and, in the absence of a statute declaring the report and certificate of the official reporter of that high character, it would be difficult indeed, in case of a disputed issue of fact, for a judge who had not heard or given attention to the trial of an action to so certify."

Afterwards in 1899 the statute was amended (Or. L., § 932), so as to read, in part, as follows:

"The report of the official reporter, when transcribed and certified to as being a correct transcript of the stenographic notes of the testimony, exceptions taken, charge of the judge, and other proceedings in the matter, suit, or action, shall be *prima facie* a correct statement of such testimony, exceptions, charge of the judge, and other proceedings, and may thereafter be read in evidence as the deposition of a witness in the cases mentioned in Section 852, and in case of the death, resignation, expiration of the term of office, or vacancy in the office from any other

cause of the judge before whom such matter, suit, or action was tried, the exceptions and the statement thereof provided for by Sections 169, 170, 171 and 172 may be settled and signed by the successor in office of such judge or by any judge authorized in such cases to perform the general duties of the judge of such court; * * ''

■ The transcript of the stenographic notes of the official reporter when duly certified to as being correct are, under the statute, deemed *prima facie* evidence of all of the proceedings mentioned therein. The statute as amended, in substance, makes such transcript sufficient evidence for the settling of a bill of exceptions, by a judge who did not try the case, ''in case of the death, resignation, expiration of the term of office, or vacancy in office from any other cause of the judge before whom such matter, suit, or action was tried.'' None of these conditions are made to appear in the present case. The legislative act does not cover the case where a judge who has presided at the trial is absent from the judicial district or ill, or cannot for any reason conveniently settle the bill of exceptions: *Thomsen* v. *Giebisch,* 95 Or. 118, 124 (173 Pac. 888, 186 Pac. 10).

■ It seems that the certificate of the official reporter to the transcript in certain cases of necessity is raised to a higher degree than *prima facie* correctness. The inclusion of the exceptions in case of death, resignation, etc., in the statute to the rule that the trial judge must approve and authenticate the bill of exceptions would, under the well-known canon of construction, exclude any other exception or condition not enumerated therein. *Expressio unius est exclusio alterius* is a familiar maxim: 25 C. J., p. 220.

The bill of exceptions when signed by the trial judge or by a judge authorized by the statute to settle and sign the same import absolute verity. In the absence of such authentication the testimony is no part of the record in this action.

In following the trend of the decisions in this state we realize that an extension of the authority of a circuit judge in such matter would be a convenience in the practice, but deem the remedy to rest with the legislature. It might be mentioned that the learned counsel for defendants understood the attorney for plaintiff to consent to Judge EVANS settling the bill of exceptions, but the record does not so show.

The bill of exceptions, not being settled or signed by a circuit judge authorized to officiate in that matter, we cannot consider the testimony in the case. The complaint alleged that the defendants acted in concert in consummating a conspiracy in the commission of the tort.

The judgment of the trial court is affirmed.

AFFIRMED.

RAND, C. J., and COSHOW and BELT, JJ., concur.