Submitted on motion to dismiss appeal December 21, 1928; motion denied February 19; argued on the merits October 8, 1929; affirmed December 3, 1929

IN RE ESTATE OF CHARLES A. JOHNSON, DECEASED

JACOB JOHNSON *v.* F. O. JOHNSON, ET AL.

(274 Pac. 918; 282 Pac. 1082)

For the motion *Mr. C. M. Inman.*

Contra, *Mr. Guy O. Smith* and *Mr. Walter C. Winslow.*

Respondents move to dismiss this appeal for the reason that the appellant has failed to file a transcript of the decree appealed from within the time allowed.

Respondents in their brief state that "no transcript of the decree appealed from, as shown by the notice of appeal, has been filed in this appellate court, but the transcript on appeal contains only a transcript

of a nonappealable order dismissing respondent's motion in the circuit court to dismiss the appeal to that court.''

The copy of decree, contained in the transcript, shows, in substance that a motion to dismiss the appellant's appeal to the circuit court was argued by counsel and the court took the same under advisement ''and now being fully advised, it is ordered and decreed by the court that the respondents' motion to dismiss the appeal herein be and it is hereby dismissed.''

The decree of the court that ''it is hereby dismissed'' undoubtedly refers to the appeal from the county court to the circuit court. Evidently by a clerical error the word ''allowed'' is omitted after the words ''herein be.''

This error should unquestionably have been corrected in the circuit court, in order to save time and controversy, but we must construe the record as we find it. The only thing that appellant could safely do in the matter was to appeal from the decree. If such a decree was then actually rendered, the entry thereof could be made nunc pro tunc and cause confusion.

The motion to dismiss the appeal to this court is denied.

MOTION DENIED.

ON THE MERITS

This is an appeal from an order of the circuit court dismissing the appeal of Jacob Johnson, above named petitioner and proponent, from the decree of the county court for Marion county in favor of the above named contestants and respondents. On the 12th day of January, 1920, Charles A. Johnson was declared to be feeble-minded and was ordered committed to the feeble-

minded institution by the county court of Marion
county. Some time thereafter, during the month of January, 1920, the said Charles A. Johnson, the above-
named decedent, executed his last will and testament.
On the 4th day of February, 1920, Amanda C. Johnson,
one of the contestants, was appointed his guardian and
thereafter duly qualified and served as such. The will
was left for some time with Guy O. Smith, Esq.,
attorney who prepared it. Later the said Charles A.
Johnson with his guardian, Amanda C. Johnson, and
his brother Frank Johnson, called at the office of Mr.
Smith and asked for the will. Mr. Smith gave it to
him, and he delivered it to Amanda C. Johnson, his
guardian. Thereafter said Johnson, according to the
testimony of his said guardian, destroyed the will by
burning it, saying at the time it was not what he
wanted. The said Charles A. Johnson died in Marion
county on or about the 23d day of May, 1926. The
above-named Jacob Johnson probated said will as a
lost will. By the terms of that will all of decedent's
property was devised and bequeathed to his brother,
the said Jacob Johnson, petitioner above named. Jacob
was also made executor without bonds. Thereafter
this proceeding was instituted for the purpose of set-
ting aside said will. The trial was had before Hon. J. T.
Hunt, the county judge of said county, who rendered
his decree on the 23d day of July, 1927, setting aside
the order admitting said alleged lost will. The findings
were in effect that said alleged lost will was destroyed
intentionally by said decedent for the purpose of
revoking the same. Soon after said decree was ren-
dered and entered, Judge Hunt, to whom the case
was tried, became very ill and resigned the office of
county judge on the 1st day of December, 1927. The

evidence in the case was taken by a private stenographer, Emma Murphy Brown, certified to by her, by Judge Hunt after he had retired from the court, by the Honorable J. C. Siegmund, the successor of said Hunt, and by the Honorable L. H. McMahan, circuit judge for the Third Judicial district, who acted as county judge during the incapacity of the said Judge Hunt. The contestants moved to dismiss the appeal because the evidence was not properly certified so as to confer jurisdiction on the circuit court and because the appellant, said petitioner Jacob Johnson, was guilty of laches in procuring the signature to a proper certificate of the evidence. The decree in the county court was rendered July 23, 1927. Judge Hunt resigned December 1, 1927. Contestants also moved in the circuit court to strike the evidence from the files because not properly authenticated and not filed in time. This motion was allowed.

AFFIRMED.

For appellant there was a brief over the names of *Mr. W. C. Winslow* and *Mr. Guy O. Smith* with an oral argument by *Mr. Smith.*

For respondents there was a brief and oral argument by *Mr. C. M. Inman.*

COSHOW, C. J. ██ The right of appeal is statutory. In order to confer jurisdiction on an appellate court the procedure defined in the statute must be followed: *La Grande v. Municipal Court,* 120 Or. 109, 115 (251 P. 308); *Baskin v. Marion County,* 70 Or. 363, 364 (141 P. 1014). A trial in a county court sitting in probate is governed by the procedure in equity. The final conclusion of such a trial is a decree, not a judgment: *Re Plunkett's Estate,* 33 Or. 414 (54 P. 152); *Skinner's Will,* 40 Or. 571 (62 P. 523, 67 P. 951).

240

■■ When an appeal is from a decree in equity the cause is to be tried anew on the testimony, and the transcript must contain the evidence heard or offered on the trial in the court below: Subd. 1, § 554, O. L. The evidence when taken in shorthand and transcribed must be certified by the official reporter. When the evidence has been so certified it is deemed *prima facie* correct and may be read in court on all proper occasions: § 932, O. L. County courts are not authorized to appoint official reporters: § 933-1, O. L. In the absence or inability of the official reporter to act the judge may appoint a competent stenographer to act *pro tem*. The reporter *pro tem* shall possess the qualifications of, take the oath prescribed by law for, the official reporter and shall receive the same compensation. We learn from the briefs that Emma Murphy Brown was chosen by agreement to report the testimony in the instant case. She has certified to the evidence, but she was not an official reporter. Before her certificate would have the effect of authenticating the evidence it should appear from the record that she took the oath prescribed by statute. She was not an officer of the court: §§ 927, 933, O. L.; *Nealan v. Ring,* 98 Or. 490, 495 (184 P. 275, 193 P. 199). Her certificate is incomplete in this that it does not identify the exhibits. It does not certify that the witnesses were sworn to tell the truth, the whole truth and nothing but the truth, but instead reads "each witness before testifying was duly sworn as by law required."

■ The appellant, Jacob Johnson, bases all of his authorities on the appeal to this court on cases having bills of exceptions under consideration. There is no such thing as bills of exceptions in equity in this state. If it were a bill of exceptions to be signed the successor

of the judge who tried the case could lawfully have certified the statements provided for by §§ 169-172, O. L.: § 932, O. L. But there is no statute authorizing any person other than the trial judge to authenticate evidence taken in an equity case.

"When an equity cause has gone to a final decree, the judge of the court rendering the decree shall, within 10 days after the entry of the decree by a proper certificate, identify all the evidence in the cause, whether consisting of the testimony of the witnesses, documentary evidence or exhibits": § 838, O. L.

This provision of the statute was held to apply only to those cases in which a referee had taken the testimony, but as a reason for holding to that effect the court says:

"A stenographer is an officer of the court, charged with the duty of correctly reporting all the proceedings on the trial, and his certificate is entitled to the same faith and credit as that of any other officer. The transcription of his notes, when certified to by him and filed with the clerk of the court where the cause was tried, becomes a part of the record and *prima facie* a correct statement of the testimony and proceedings on the trial, and is entitled to faith and credit as such in the appellate court": *Tallmadge v. Hooper,* 37 Or. 503, 510-11 (61 P. 349, 1127).

*Nealan v. Ring,* 98 Or. 490, 496 (184 P. 275, 193 P. 199), where we find this language:

"The regular channel through which the evidence reaches this court is that prescribed by the statute. The report of the testimony must originate with the official stenographer, if one is used, and his certificate is sufficient authentication of it for the purposes of suits in equity."

■ In the instant case the stenographer who took the testimony was not an official stenographer. She was not an officer of the court; consequently her cer-

tificate is not sufficient to authenticate the testimony and other evidence. Since there is no properly authenticated testimony the circuit court did not have the evidence before it and could not try the case anew.

The order of the circuit court dismissing the appeal is affirmed. Appeal dismissed.

AFFIRMED.

McBRIDE and BEAN, JJ., concur.
RAND, J., concurs in the result.