Argued and submitted on petition for alternative writ April 7; petition dismissed April 26, 1932

## STATE ex rel. LUEDINGHAUS LUMBER CO. v. STAPLETON, Circuit Judge

(10 P. (2d) 600)

*M. B. Meacham*, of Portland (I. H. Van Winkle, Attorney General, on petition), for plaintiff.

*Wallace McCamant*, of Portland (McCamant, Thompson & King, of Portland, on the brief), for defendant.

RAND, J. On November 5, 1931, in an action tried in Department No. 6 of the Circuit Court for Mult-

nomah county, George L. Gardner and E. S. Grammer, the plaintiffs in the action, recovered judgment in the sum of $25,000 against this plaintiff, the defendant therein, from which judgment this plaintiff appealed. The trial was had before the Honorable James P. Stapleton, the judge of said court, and a jury, and was reported by the official court reporter who made stenographic notes of the proceedings had upon the trial. Pending the appeal and at the request of this plaintiff, the official reporter prepared and, on December 3, 1931, certified to a transcript of said proceedings which, for some reason not disclosed by the petition hereinafter referred to, was not filed with the clerk of the court until March 24, 1932, when it was filed and became a part of the record of the case. On March 22, 1932, plaintiff, before filing said transcript tendered it to defendant and requested him to settle, sign and certify to the same as a bill of exceptions. This was the first time the matter had ever been called to the attention of the defendant. No order had been made previously in the case granting any extension of time for the preparation and filing of the bill of exceptions. Section 2-703, Oregon Code 1930, as amended by chapter 49, Laws 1931, limits the time in which a bill of exceptions may be tendered for settlement and allowance to sixty days after the entry of the judgment, unless extended by some order made during the time the right to file the bill of exceptions exists. Because of the limitation provided in the statute, defendant refused to sign or certify the transcript as a bill of exceptions.

On April 4, 1932, plaintiff herein filed in this court a petition setting up the foregoing facts and praying that an alternative writ of mandamus issue directed to this defendant as judge of said court, commanding

him immediately upon receipt of said writ to "proceed with the settlement and allowance of the official court reporter's transcript of the testimony and proceedings in the case of Geo. L. Gardner and E. S. Grammer against the Luedinghaus Lumber Company, a corporation, heretofore tried in said court, as the bill of exceptions therein on the appeal from the judgment made and entered in said action," or to show cause for his refusal so to do.

■ Upon notice to the defendant of the filing of the petition, a hearing on the petition and defendant's objections to the issuance of the writ has been had and, after considering the arguments of counsel and the authorities cited, we are of the opinion that the writ will not lie.

Plaintiff bases his right to the issuance of the writ upon section 2-703, as amended by chapter 49, Laws 1931, and sections 28-705 and 28-706, Oregon Code 1930. As amended, the first section provides that: "No particular form of exceptions shall be required. The objection shall be stated, with as much evidence, or other matter, as is necessary to explain it, but no more; provided, however, that the bill of exceptions may consist of a transcript of the whole testimony and all of the proceedings had at the trial, including the exhibits offered and received or rejected, the instructions of the court to the jury and any other matter material to the decision of the appeal. A proposed bill of exceptions may be tendered by presenting it to the clerk of the court within sixty (60) days after the entry of the judgment or decree, or within such further time as may be granted by order of the court if application is made during the said period of sixty (60) days or within any extension that may be granted."

Section 28-705, in part, provides that when shorthand notes have been taken in a case, if the court or either party to the suit or action requests a transcript of the notes into longhand, "the official reporter shall cause full and accurate typewritten transcripts to be made of the testimony or other proceedings, which shall, when certified to as hereinafter provided, be filed with the clerk of the court where such cause was tried for the use of the court or parties." Then follows a provision fixing the fees to be paid by the party ordering the transcript and directing their payment and providing that, when paid, the amount shall be taxed as other costs in the case. The last section referred to provides that the report of the official reporter, when transcribed and certified to as being a correct transcript of the stenographic notes of the testimony and other proceedings in a suit or action "shall be prima facie a correct statement of such testimony, exceptions, charge of the judge and other proceedings, and may thereafter be read in evidence as the deposition of a witness," following which is a provision that if a vacancy occurs in the office of the judge who tried the action, the exceptions and a statement thereof provided for by sections 2-701 to 2-704 may be settled and signed by the successor in office of such judge or by any judge authorized in such cases to perform the general duties of the judge of such court. Then follows a proviso which has no application to the facts involved in this proceeding.

It is clear from a reading of the provisions of section 2-703, as amended, that it was the intention of the statute to limit the right to prepare and tender a proposed bill of exceptions to a period of sixty days after the entry of the judgment or within such further time as may be granted by the trial court, providing that

the order granting such extension is made during the time when the right to file the bill exists and that an order made extending the time after the right to file the bill had ceased to exist would be unauthorized and void. The words added to the statute by the 1931 amendment show that that could have been the only purpose for the amendment then made. It is, of course, unnecessary to point out that the words ''or decree'' used in section 2-703 can have no possible application to a bill of exceptions for a bill of exceptions in an equity suit is unknown to the statute and to the practice in the courts of this state.

Plaintiff attempts to overcome the objection that the transcript, even if it could be considered in any sense as a proposed bill of exceptions, was filed too late, by contending that on December 3, 1931, when the official reporter prepared and certified the transcript, the sixty-day period had not then elapsed and had the transcript been then filed it would have been the duty of the defendant to settle and allow the same as a bill of exceptions, and that, since the statute makes it the official duty of the reporter to file a transcript immediately with the clerk of the court when prepared and certified to, his failure to file the same was a mere neglect or default of an official duty which cannot deprive the plaintiff of its right to have the same considered and treated as filed of that date. Its contention is that the case comes within the general rule that where an individual in the prosecution of a right does everything which the law requires him to do and fails to attain his right by the misconduct or neglect of a public officer, the law will protect him. See *Cincinnati Traction Company v. Ruthman*, 85 Ohio St. 62 (96 N. E. 1019, Ann. Cas. 1913A, 911, and note at page 914).

■ There is no allegation in the petition that the fees of the official reporter were paid within the sixty-day

period referred to. If such was the fact, there could be no excuse for the failure by the official reporter to file the transcript upon payment of the fees, but until his fees were paid he was under no obligation to file the same. Under the statute, it is as much the duty of the party ordering a transcript to pay the official reporter's fees as it is of the official reporter to file the transcript when the fees are paid and, since there is no allegation in respect to that matter, there can be no presumption indulged in favor of the plaintiff that the fees were paid when the transcript was certified to.

■ But, regardless of these considerations, if it were proper to hold, under the facts alleged in the petition, that the transcript should be deemed filed as of December 3, 1931, such holding would be of no advantage to plaintiff for the statute does not make the transcript, whether filed or not, if nothing more be done, the equivalent of a bill of exceptions, nor does it provide that the mere act of filing it shall be equivalent to the tender of a proposed bill of exceptions. It is true that section 2-703 provides that the bill of exceptions may consist of a transcript of the proceedings had upon the trial, and further provides that a proposed bill of exceptions may be tendered by presenting it to the clerk of the court. It is also true that section 28-705 requires that the transcript, when certified, be filed with the clerk, and section 28-706 makes it, when filed, prima facie evidence of the facts therein stated, but it is prima facie only and never conclusive until signed and certified to by the judge who tried the case except in the one instance provided in the statute when a vacancy in the office of the judge has occurred before the same is signed and, in that instance only, may another judge certify to the correctness of the transcript. *Kruckman v. Smith,* 126 Or. 395 (270 P. 474).

What is now section 2-703 as amended, as it was originally enacted merely provided: "No particular form of exceptions shall be required. The objection shall be stated, with as much evidence, or other matter, as is necessary to explain it, but no more." It continued in that form until amended by chapter 332, Laws 1913, when the proviso now contained in it was added to its former provisions. After the 1913 amendment, this court has had occasion in numerous cases to interpret its meaning. In *Turner v. Hendryx,* 86 Or. 590 (167 P. 1019, 169 P. 109), it was held that, "to be available on appeal, the transcript of the testimony must be in the form of a bill of exceptions. * * * moreover, the bill of exceptions must be signed by the judge before it can become a part of the judgment roll." In *Malloy v. Marshall-Wells Hardware Co.,* 90 Or. 303 (173 P. 267, 175 P. 659, 176 P. 589), this court, speaking through Mr. Justice McCAMANT, said: "A fair and natural interpretation of the language used in the act of 1913 permits the trial court at its option to settle the bill of exceptions in the form required by *Eaton v. Oregon Ry. & N. Co.,* 22 Or. 497, 503 (30 P. 311), and *Keady v. United Railways Co.,* 57 Or. 325, 332, 333 (100 P. 658, 108 P. 197), or to certify a bill of exceptions in the form of a transcript of the proceedings at the trial." In *Thompson v. Giebisch,* 95 Or. 118 (173 P. 888, 186 P. 10), this court again had occasion to construe not only the proviso last referred to but also its meaning in connection with the other two sections of the statute to which we have referred. In that case this court, speaking through the late Mr. Justice BURNETT, said: "The result to be extracted from all these rulings is that the transcription of the reporter's notes, certified by him constitutes material from which a bill of exceptions may be compiled; but it was never the intention of any

of the legislation or of the decisions up to this time that the reporter should supersede the judge in authority in the construction of the bill. The only exception to this is the one already noted, based upon a dispute between counsel and the court respecting the truth of the statement of the exception. The reporter's certificate indicates only prima facie correctness. It does not import absolute verity. The latter result can be accomplished only by the authentication of the trial judge." Again, in *Berneche v. Hess,* 125 Or. 118 (266 P. 244), it was held that the authentication of the testimony for the purposes of a bill of exceptions must be by the judge, and such has been the uniform holding of all the decisions in respect to this matter.

In the instant case, both by the prayer of the petition and upon the argument here, it was insisted by plaintiff that this writ should issue and that the defendant should be required to certify not to a bill of exceptions but to a particular bill of exceptions, namely: the transcript in the case. Manifestly, this could not be done since it would require the defendant to certify to the correctness of this particular transcript which is only prima facie proof of the facts stated in it, whether the defendant knew that it was correct or not. For that reason and also for the reason that no proposed bill of exceptions was ever tendered within the time provided by the statute, we hold that the writ will not lie in this case.

Petition dismissed.