Argued November 12; affirmed December 9, 1947

HALL ET UX. *v.* PETTIBONE ET AL.

187 P. (2d) 166

*J. J. Labadie* and *William A. Stockman,* both of Portland, for appellants.

*Mervin W. Brink,* of Hillsboro (Paul L. Patterson, of Hillsboro, on brief), for respondents.

Before ROSSMAN, Chief Justice, and LUSK, BELT, KELLY, BAILEY, HAY and WINSLOW, Justices.

ROSSMAN, C. J.

This is an appeal by the defendants, three in num-

ber, from a judgment of the circuit court which is based upon findings of fact and conclusions at law. The judgment, after holding that the plaintiffs were the owners of and entitled to the possession of a parcel of real property, one acre in extent, which is described in the complaint, awarded its possession to them.

The appellants' brief, under the heading of Points and Authorities, submits the following two propositions:

1. "Defendants' motion for involuntary non-suit made after plaintiffs rested their case should have been granted."

2. "The decree of Judge Peters was in error, and should have been rendered for the defendants."

■■ The Rules of this court require the appellant to single out, through the medium of assignments of error, the errors which he claims the trial judge committed. See Rules 2 and 13, pages 317 and 328, Volume 9, O. C. L. A. The purpose of the requirement is not only to enable us to know the precise error which the appellant has in mind, but also to force the appellant to concentrate his efforts upon specific purported errors. There is nothing whatever in the appellants' brief which is termed an assignment of error; in fact, that term does not appear in their brief. Our Rules, it is true, make provision for points and authorities, but the points and authorities are ancillary to the assignments of error. A point does not take the place of, but should break down the assignments of error into their component parts. The authorities should fortify the points.

■ The second of the above-quoted points is altogether too inclusive to qualify either as an assignment

of error or as a point. Recently our decisions have called attention to the fact that our Rules require assignments of error. Rule 13 is accompanied with practical illustrations. We hope that we will not be accused of immodesty when we say that briefs will be improved if counsel who appear before this court will occasionally re-read that Rule.

The appellants filed with this court no bill of exceptions. The transcript of evidence is certified by the official court reporter, but not by the trial judge.

■ If this is a suit in equity, the transcript of evidence does not need the certificate of a circuit court judge: *Tallmadge v. Hooper,* 37 Or. 503, 61 P. 349, 1127; *Nealan v. Ring,* 98 Or. 490, 184 P. 275, 193 P. 199. But if this is a law action, the absence of a certification by a proper member of the circuit court will render it impossible for this court to consider the testimony: *State v. Stapleton,* 139 Or. 402, 10 P. (2d) 600; *Kruckman v. Smith,* 126 Or. 395, 270 P. 474; *Johnson v. Johnson,* 131 Or. 235, 274 P. 918, 282 P. 1082.

■■ Generally, the jural instrument which terminates an action is deemed a judgment and that which ends a suit is a decree. In the present instance, the trial judge termed the instrument a judgment. The notice of appeal declares that the defendants appealed "from that certain judgment made and entered * * *." The complaint sets forth the averments generally employed in ejectment actions and asks for "judgment against defendant for the possession of the real property described in Paragraph I herein of plaintiffs' complaint or the sum of $1,000.00 as the reasonable market value of said real property; together with the sum of $250.00 special damages * * *." When the complaint was filed, there was only one defendant. He

demurred to the complaint on the ground that it did not state "facts sufficient to constitute a cause of action." After the demurrer had been overruled the defendant filed an answer which prayed for no equitable relief whatever. It asked that the complaint be dismissed. At that point the complaint was amended by the addition of two more defendants; but the amendment made no substantial change in the character of the proceeding. The answer filed by the three defendants was substantially the same in nature as the one previously filed by the single defendant. Appellants' brief says:

"Following the trial of said cause without a jury Judge Peters ordered and adjudged that the plaintiffs are entitled to the possession of said one acre of real property, and further adjudged * * * ."

We are satisfied that this proceeding is of the kind authorized by § 8-201, O. C. L. A. Proceedings instituted under that section of our laws, as has been many times declared by this court, are closely akin to an action of ejectment.

Since the answer asked for no equitable relief, this cause was an action at law. It was so deemed by the judge who presided over the trial. The jural instrument which the appellants attack is a judgment, and not a decree. They themselves so recognized when they prepared the so-called Point we have already quoted, and which declares:

"Defendants' motion for involuntary nonsuit made after plaintiffs rested their case should have been granted."

A law action terminates in a judgment, one form of which is a judgment of nonsuit. The latter is governed

by § 6-201, O. C. L. A. Nonsuits, however, are unknown to equity practice. Equity dismisses the suit when it appears that the plaintiff is not entitled to relief; see § 9-208, O. C. L. A. Therefore, appellants' aforementioned Point is an acknowledgment that this is an action, and not a suit. We repeat, this is an action at law, not suit in equity.

Since the transcript of evidence is not certified by the trial judge, it cannot be deemed a bill of exceptions: *State v. Stapleton,* supra; *Kruckman v. Smith,* supra. As we have said, the appellants have filed nothing which is entitled a bill of exceptions. Under these circumstances, the only issue before us is the suffi-

Since the transcript of evidence is not certified by the trial judge, it cannot be deemed a bill of exceptions: *State v. Stapleton,* supra; *Kruckman v. Smith,* supra. As we have said, the appellants have filed nothing which is entitled a bill of exceptions. Under these circumstances, the only issue before us is the sufficiency of the pleadings to support the judgment: *Williams v. Ragan,* 174 Or. 328, 143 P. (2d) 209; *Larson v. Martin,* 172 Or. 605, 143 P. (2d) 239; *Wallowa Land Co. v. McGaffee,* 160 Or. 298, 84 P. (2d) 1116. We believe that the complaint supports the judgment.

We add that present counsel for the appellants did not come into this case until after the appeal had been taken.

The judgment of the circuit court is affirmed.