Argued and submitted May 22, affirmed August 24, 1981

GOBLE et al,
*Petitioners,*

*v.*

MOTOR VEHICLES DIVISION,
*Respondent.*

(CA 17137)

633 P2d 2

Dennis H. Black, Medford, argued the cause for petitioners. With him on the briefs was Cushing, Haberlach, Hanson & Black, Medford.

Al J. Laue, Assistant Attorney General, Salem, argued the cause for Respondent. With him on the brief were Dave Frohnmayer, Attorney General, and William F. Gary, Solicitor General, Salem.

Before Richardson, Presiding Judge, and Thornton and Van Hoomissen, Judges.

THORNTON, J.

## THORNTON, J.

Petitioners seek review of an order of respondent Motor Vehicles Division suspending their licenses to operate a motor vehicle for failure to file proof of financial responsibility. ORS 486.021, 486.041 and 486.211.

Petitioners contend that they are entitled to relief on the following grounds:

1) The record does not contain substantial evidence of property damage caused by the traffic accident in issue in excess of $200 to any one person, ORS 486.021, and

2) The record does not contain substantial evidence that "sufficient injury" to an individual occurred to compel the application of ORS 486.021.

The essential facts are as follows:

Petitioners are the parents of a son, Steven Goble. On September 17, 1978, a 1966 Pontiac automobile owned by Steven but registered to petitioners collided with a street sign in downtown Medford while being driven by Steven. Petitioners had no liability insurance covering the vehicle at the time. A city police officer called to the scene moments after the accident found Steven reclining on the front seat of the car. There was a crack mark in the windshield on the driver's side directly above the steering wheel. The officer, after speaking briefly to Steven and two passengers, summoned an ambulance to have petitioners' son taken to a hospital. After Steven was checked over by hospital personnel, he was released without any treatment. Subsequent to the accident, the vehicle was sold as is to a wrecking yard for approximately $75.

After receiving and processing the usual police accident report and report from Steven to the Division, the Division issued a suspension order against petitioners. Petitioners then requested a hearing. The hearing was held on January 23, 1980, and again on continuance February 7, 1980. The Division entered an order on February 22, 1980. A petition for judicial review was filed, but the Division withdrew its order for purposes of reconsideration. On October 28, 1980, the matter came on for hearing again. Following this hearing, the Division on November 6, 1980,

issued new findings of fact, ultimate findings of fact, conclusions of law and order.

ORS 486.021(1) provides:

"Following notice to the division of an accident originating from the operation of a vehicle upon any highway within this state which has resulted in damage to the property of any one person in excess of $200 *or* injury or death to person, the driver and owner of a vehicle which is in any manner involved shall except as otherwise provided by this chapter within 30 days file with the division and thereafter maintain for a period of three years proof of future responsibility." (Emphasis added.)

Based upon our examination of this record we reach the following conclusions:

1) There was no finding of fact as to the amount of damage to the vehicle. The Attorney General concedes this point in its brief. Therefore petitioners must prevail on this point.

2) There was evidence to support the Division's finding of injury. Although as the hearing officer stated in his order of November 6, 1980, the injury was slight, there was sufficient evidence in the record to establish some injury. We reject petitioners' argument that greater physical injury is required before the Financial Responsibility Law applies.

The term "injury" is not defined in the Oregon Financial Responsibility Law. Likewise, there is no definition in Oregon statutes or judicial decisions which truly applies to the present situation. In *Smith v. Smith,* 205 Or 286, 296, 287 P2d 572 (1955), our Supreme Court observed that the word "injury" as used in the provision of Article 1, § 10 of the Oregon Constitution which guarantees to every man a remedy by due course of law for injury done him to his person, property or reputation, "is not to be construed as it might be if found in a workmens' compensation act, or when statutory reference is made to 'accidental injury.' " The same can be said of the use of the term "injury" in the statute at bar.

As this court concluded in *Boykin v. Ott,* 10 Or App 210, 498 P2d 815, *rev den* (1972), the legislature intended

the Financial Responsibility Law to apply to a driver involved in an accident of a certain kind, without regard to whether there is a reasonable possibility that he was at fault in any degree. By analogy the same conclusion would apply to the issue presented here. We believe that as used here the term "injury" refers to "an act that damages, harms or hurts * * * the act or result of inflicting upon a person or thing something that causes loss, pain, distress or impairment." Webster's Third New International Dictionary (1971).

The fact that the legislature in enacting ORS 486.021 saw fit not to limit the term "injury" as to the degree of its severity, but did qualify the term "damage" by requiring that the same be in excess of $200, is a strong indication of legislative intent that any injury in an accident is sufficient to trigger the requirement of proof of financial responsibility. This is in reality simply an application of the familiar rule of construction *inclusio unius est exclusio alterius. See, for example, Cabell et al v. Cottage Grove et al,* 170 Or 256, 130 P 1013, 144 ALR 286 (1942); *Kruckman v. Smith et al,* 126 Or 395, 270 P 474 (1928); *Gantenbein v. PERB,* 33 Or App 309, 576 P2d 1257, *rev den* 282 Or 537 (1978).

Tested by the above definition and by the rule of construction set forth above, we believe that there was a sufficient injury to Steven Goble to bring this accident within the scope of ORS 486.021. Here, the young man had been shaken up, his head apparently having bumped into the windshield in the collision. It was a sound precaution to call an ambulance and have him taken to the hospital to be checked over by emergency room attendants. The fact that he was not seriously injured was fortuitous, but certainly not a ground for ruling that no injury and hence no chargeable accident had occurred.

Summarizing, while the record does not contain a finding that damage to property in excess of $200 occurred in the collision in issue, the order of suspension is proper because the accident resulted in personal injury. ORS 486.021.

Affirmed.